**W. A. SCHOLL, Appellant,**

v.

**FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION et al., Appellees.**

No. 950.

Court of Civil Appeals of Texas, Corpus Christi.

March 6, 1975.

Richard Allen Bradshaw, Tinker, Haas & Bradshaw, Corpus Christi, for appellant.

James McKibben, Asst. City Atty., James R. Riggs, City Atty., Gerald H. Beckman, Bonilla, Read, Rodriquez, Beckman & Bonilla, Inc., Corpus Christi, for appellees.

OPINION

PER CURIAM.

Appellees have filed their motion to dismiss appellant's appeal on the grounds that the issues in this case have become moot.

In April, 1974, appellant Scholl, then a classified fire alarm operator, brought this action in district court seeking: a declaratory judgment that there had been two unlawful promotions to the position of captain; a temporary and permanent injunction preventing the completion of those

promotions; and a mandatory injunction ordering appellees to hold another promotional exam in which W. A. Scholl would be qualified to compete. The temporary injunction was denied by the trial court on May 13, 1974. Trial was to the court without the aid of a jury. The trial court found against appellant Scholl and held that no adequate cause existed for injunctive declaratory judgment relief. Scholl has appealed.

It now appears that after the trial, on October 8, 1974, W. A. Scholl participated in another promotional exam. He was ranked No. 1 in eligibility and was promoted to the rank of captain. By order of the Firemen's and Policemen's Civil Service Commission, entered February 7, 1975, W. A. Scholl was promoted to the position of captain in the Corpus Christi Fire Department effective as to time in grade from January 2, 1975, and effective as to rate of pay from February 3, 1975.

■ Without deciding the merits of the appeal, it is apparent to us that under these facts which are now made known to us, it is impossible for appellant to be granted the relief petitioned for on any basis, because the appeal of this case has now become moot.

■ A case becomes moot when: 1) it appears that one seeks to obtain a judgment upon some controversy, when in reality none exists; or 2) when one seeks a judgment upon some matter which, when rendered for any reason, cannot have any practical legal effect upon a then existing controversy. McNeill v. Hubert, 23 S.W. 2d 331 (Tex.Comm'n App.1930, opinion adopted). See also Hulett v. West Lamar Rural High School Dist., 232 S.W.2d 669 (Tex.Sup.1950); City of West University Place v. Martin, 123 S.W.2d 638 (Tex. Sup.1939); State v. Bullock, 491 S.W.2d 659 (Tex.Sup.1973); Poole v. Giles, 248 S.W.2d 464 (Tex.Sup.1952).

The promotion complained about by appellant has now been completed. Appellant's name was placed at the head of the list of eligible candidates for promotion. He was given another examination for promotion in which he did pass. He was in fact promoted to the rank of captain and presently retains such rank. Even a judgment granting appellant that which he originally requested would have no practical legal effect. His requests have now been complied with. Therefore, there does not exist an actual controversy, the essential element necessary for the exercise of appellate jurisdiction.

■ If this Court should now take the appeal and render a judgment, the effect of such would be nothing more than an advisory opinion on a state of facts that does not presently exist. Neither the Supreme Court nor the Courts of Civil Appeals have any advisory powers. The rendition of such an opinion is beyond the power of this Court. Morrow v. Corbin, 62 S.W.2d 641 (Tex.Sup.1933).

■ The proper order to be entered here and now is not one of dismissing this appeal, but to dismiss this cause in the lower court for the want of authority in appellant to maintain the suit under the present facts. See Freeman v. Burrows, 171 S.W.2d 863 (Tex.Sup.1943); Hulett v. West Lamar Rural High School Dist., supra. See also Blanton v. City of Houston, 353 S.W.2d 412 (Tex.Sup.1962); Guajardo v. Alamo Lumber Company, 317 S.W.2d 725 (Tex.Sup.1958).

All previous orders and judgments are set aside and this cause is dismissed without prejudice to the rights of any party herein.