NUMBER 13-06-00326-CV


 

COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

TEXAS COMMISSION ON 

ENVIRONMENTAL QUALITY,

GUADALUPE-BLANCO RIVER 

AUTHORITY, SAN ANTONIO RIVER 

AUTHORITY, AND SAN ANTONIO Appellants/

WATER SYSTEM, cross-appellees,


v.


SAN MARCOS RIVER FOUNDATION, Appellee/

 cross-appellant.

 


On appeal from the 261st District Court

of Travis County, Texas.

 


O P I N I O N


Before Chief Justice Valdez and Justices Rodriguez and Benavides


Opinion by Chief Justice Valdez


 Appellants/cross-appellees, the Texas Commission on Environmental Quality (the
"Commission"), San Antonio Water System, Guadalupe-Blanco River Authority, and San
Antonio River Authority, appeal from a judgment wherein the trial court reversed the
Commission's denial of a water permit application that was filed by the San Marcos River
Foundation (the "Foundation"), appellee/cross-appellant, and remanded the application to
the Commission for a contested administrative hearing. (1) By three issues, appellants/cross-appellees contend that the trial court erred in holding that: (1) the Commission had
jurisdiction to entertain the Foundation's application, (2) setting aside the Commission's
denial order, and (3) ordering that the Foundation had a right to a contested administrative
hearing. The Foundation, by a single issue, appeals from the trial court's dismissal of its
declaratory judgment action. We reverse and render a dismissal for lack of jurisdiction. 

I. Background


 On July 10, 2000, the Foundation filed a permit application with the Commission
requesting an appropriation of approximately 1.3 million acre-feet of water in the
Guadalupe River Basin for non-consumptive instream use and freshwater inflows into the
Guadalupe/San Antonio bay and estuary system. The Foundation tendered the
appropriate application fee, and on December 21, 2000, the executive director of the
Commission declared the Foundation's application administratively complete. On July 23,
2001, notice of the Foundation's application was issued to all parties within the Guadalupe
River Basin so that they could provide comments to the Commission. 

 In August 2001, San Antonio Water System, Guadalupe-Blanco River Authority, and
San Antonio River Authority responded to the public notice by filing with the Commission
motions for a contested-case hearing, wherein they sought the denial or dismissal of the
Foundation's application. Thereafter, the executive director conducted a technical review
of the application.

 On December 13, 2002, the executive director issued a draft permit and supporting
technical data; the draft permit provided the Foundation with less water than it had
requested. In January of the following year, the Commission issued formal public notice
of the Foundation's application and invited interested parties that had not filed hearing
requests to brief two issues: (1) did the Commission have statutory authority to issue water
rights permits of the type applied for by the Foundation; and (2) what was the appropriate
action for the Commission to take with respect to the Foundation's application? 

 On March 20, 2003, the Commission denied the Foundation's application. In its
order, the Commission made the following determinations:

 Whereas, certain Texas Water Code statutes enacted by the Texas
Legislature reflect this state interest [in protecting instream uses of Texas
surface waterbodies] by requiring consideration of instream flows and bay
and estuary system maintenance in the granting of state water rights (e.g.,
Texas Water Code §§ 11.042(b); 11.046(b); 11.134(b)(D); 11.147; 11.1491;
16.058; and 16.059);


 Whereas, the Commission has included provisions relative to these
important considerations in various reservoir permits issued since enactment
of these statutes and in numerous instream flow requirements on permits
issued by the Commission; 

 Whereas, the Texas Legislature has also created the Texas Water
Trust to hold water rights dedicated to environmental needs, including
instream flows and bays and estuaries, and also provided that in certain
circumstances five percent of the firm yield of any reservoir constructed with
state funds be given to the Texas Parks and Wildlife Department to be used
for instream flows and bays and estuaries (e.g. §§ 15.7031, 15.3041, and
16.1331);


 Whereas, these forgoing statutes embody the method by which the
Texas Legislature intended for the Commission to protect these important
resources in considering and granting water right permits;


 Whereas, the Commission has also considered its rules regarding
substantive and procedural water rights to reach its decision in this matter;
and 


 Whereas, while the Commission has approved applications to add
instream use designations to four specific water right permits previously
issued for other beneficial purposes, the Commission has not heretofore
issued a new permit for instream use only, as contemplated by this
application.

The order denied the application under section 11.131 of the water code. See Tex. Water
Code Ann. § 11.131 (Vernon 2000). (2) The Foundation filed a motion for rehearing with the
Commission, which was denied on June 2, 2003. 

 The Foundation sought judicial review in a Travis County District Court by bringing
a suit against the Commission under the water code, the Uniform Declaratory Judgments
Act, and the Administrative Procedures Acts. (3) See id. § 5.351 (Vernon 2000); Tex. Civ.
Prac. & Rem. Code Ann. § 37.004(a) (Vernon 1997); Tex. Gov't Code Ann. § 2001.038
(Vernon 2000). 

 The Foundation asserted that the Commission had jurisdiction over its application,
see Tex. Water Code Ann. § 5.013(a)(1) (Vernon Supp. 2007) (providing that the
Commission has general jurisdiction over water and water rights including the issuance of
water rights permits), and that the Commission had statutory authority to appropriate water
for beneficial uses, which according to the Foundation includes non-consumptive instream
uses and freshwater inflows into an estuary system. See id. §§11.002(4), 11.023(b)
(Vernon Supp. 2007). The Foundation argued that the Commission erred in summarily
denying its application because the Commission improperly deprived it of a contested
hearing and misconstrued the water code's statutory framework by concluding that it could
not grant environmental-only permits. The Foundation also sought a judgment declaring
its existing rights and interests in the water that was subject to the application.

 The Commission responded to the Foundation's petition with a general denial. San
Antonio Water System, Guadalupe-Blanco River Authority, and San Antonio River
Authority intervened in the suit and prayed that the Foundation's claims be denied and that
costs be assessed against the Foundation.

 The Foundation moved for summary judgment on numerous grounds. The
Commission responded to the Foundation's motion, and it also sought summary judgment
and prayed that its decision to summarily deny the Foundation a permit without a
contested-case hearing be affirmed. On February 7, 2006, the trial court granted the
Foundation summary judgment, and it found that the Commission had jurisdiction to hear
the Foundation's application and that the Foundation had a right to a contested-case
hearing. 

 Over the following few months, the trial court evaluated the Foundation's request
for declaratory relief. The Commission responded to the declaratory judgment action by
filing a plea to the jurisdiction. In its plea, the Commission argued that the February 7
summary judgment granted the Foundation all the relief that its declaratory judgment action
sought and that "there [was] nothing left to adjudicate." The Foundation rejoined by
arguing that it sought a declaratory judgment to force the Commission to follow statutes
and administrative rules that it had not previously followed.

 On May 11, 2006, the trial court granted the Commission's plea to the jurisdiction
and dismissed the Foundation's declaratory judgment action. Also on May 11, the trial
court signed a final judgment that incorporated its February 6 summary judgment by
reversing the Commission's denial order and remanding the application back to the
Commission for further proceedings. The Commission, San Antonio Water System,
Guadalupe-Blanco River Authority, and San Antonio River Authority appealed the trial
court's decision to reverse and remand the denial order, and the Foundation appealed the
trial court's dismissal of its declaratory judgment action. (4) 

II. Discussion Before we address the merits, we note that the Commission has filed a motion to
dismiss this appeal as moot. In its motion, the Commission argues that even if the
Foundation's application were remanded to the State Office of Administrative Hearings, it
cannot, under the current statutory framework, grant the Foundation's application. Section
11.0237 of the water code provides that:

The commission may not issue a new permit for instream flows dedicated to
environmental needs or bay and estuary inflows. The commission may
approve an application to amend an existing permit or certificate of
adjudication to change the use to or add a use for instream flows dedicated
to environmental needs or bay and estuary inflows.


Tex. Water Code Ann. § 11.0237(a) (emphasis added). We are, therefore, confronted
with a mootness issue that must be analyzed at the outset.

 A case becomes moot if a controversy ceases to exist between the parties at any
stage of the legal proceedings, including the appeal. Allstate Ins. Co. v. Hallman, 159
S.W.3d 640, 642 (Tex. 2005); Bd. of Adjustment of San Antonio v. Wende, 92 S.W.3d 424,
427 (Tex. 2002); Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001). Under the mootness
doctrine, a controversy must involve a dispute of something more than a hypothetical or
abstract character. Securtec, Inc. v. County of Gregg, 106 S.W.3d 803, 809 (Tex.
App.-Texarkana 2003, pet. denied) (citing Scurlock Permian Corp. v. Brazos County, 869
S.W.2d 478, 487 (Tex. App.-Houston [1st Dist.] 1993, writ denied)). A case becomes
moot when (1) there is no real controversy, or (2) when a party seeks judgment which,
when rendered, cannot have any practical legal effect. Id. (citing Scholl v. Firemen's &
Policemen's Civil Serv. Comm'n, 520 S.W.2d 470, 471 (Tex. Civ. App.-Corpus Christi
1975, no writ)). 

 In section 11.0237 of the water code, the legislature used the phrase "may not" in
directing the Commission not to issue new water permits for instream flows dedicated to
environmental needs or bay and estuary inflows. See Tex. Water Code Ann. §
11.0237(a). Under section 311.016 of the Code Construction Act, the term "'may not'
imposes a prohibition and is synonymous with 'shall not,'" "unless the context in which the
word or phrase appears necessarily requires a different construction or unless a different
construction is expressly provided by statute." See Tex. Gov't Code Ann. § 311.016
(Vernon 2005). The Commission, therefore, cannot grant the Foundation the water permit
that it applied for, regardless of the trial court's actions in setting aside the Commission's
denial order and remanding the application back to the Commission for further
proceedings. See, e.g., Igal v. Brightstar Info. Tech. Group, Inc., No. 04-0931, 2008 Tex.
LEXIS 422, at *7 (Tex. 2008) (providing that the legislature establishes the jurisdiction of
administrative agencies). 

 In essence, the trial court's judgment would have no legal effect given the statutory
parameters that the legislature has enacted. The Foundation's challenge to the
Commission's actions are therefore moot. See In re Gruebel, 153 S.W.3d 686, 690 (Tex.
App.-Tyler 2005, orig. proceeding) (concluding that a petitioner's application for writ of
mandamus became moot when an amendment to the city ordinance that he was
challenging became effective). Therefore, we conclude that the trial court erred in
reversing the Commission's order because the trial court's judgment would have no legal
effect. Appellants/cross-appellees's first issue is sustained, (5) and Foundation's sole issue
is overruled.

III. Conclusion

 The judgment of the trial court is reversed, and we render a dismissal of the
Foundation's trial court action. Furthermore, the trial court's denial of the Foundation's
declaratory judgment action is affirmed. (6)

 ________________________

 ROGELIO VALDEZ

 Chief Justice 


Opinion delivered and filed

this the 31st day of July, 2008. 
1. This appeal involves five parties: (1) the Commission, a state agency that is responsible for
implementing the constitution and laws of Texas relating to the conservation of natural resources and the
protection of the environment, see Tex. Water Code Ann. § 5.012 (Vernon 2000); (2) the Foundation, a Texas
non-profit corporation founded to protect the San Marcos River; (3) the San Antonio Water System, a water,
wastewater and wastewater reuse agency of the City of San Antonio, see San Antonio, Tex., Code of
Ordinances, sec. 34-.01 (2008); (4) the Guadalupe-Blanco River Authority, a conservation and reclamation
district, see Tex. Const. art. XVI, § 59; and (5) the San Antonio River Authority, a conservation and
reclamation district. See Id. 
2. Section 11.131(a) of the water code provides:


The commission shall make a preliminary examination of the application, and if it appears
that there is no unappropriated water in the source of supply or that the proposed
appropriation should not be allowed for other reasons, the commission may deny the
application.


Tex. Water Code Ann. § 11.131(a) (Vernon 2000).
3. The Foundation brought two suits against the Commission which, by an agreed order, were
consolidated at the trial level.
4. This case was transferred from the Third Court of Appeals to the Thirteenth Court of Appeals under
a docket equalization order issued by the Supreme Court of Texas. See Tex. Gov't Code Ann. § 73.001
(Vernon 1998).
5. This relieves us from having to address appellants/cross appellees' second and third issues, for their
resolution would not further affect the outcome of this appeal. See Tex. R. App. P. 47.1.
6. All pending motions are herein denied as moot.