NUMBER 13-07-00443-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

TEXAS COMMISSION ON 

ENVIRONMENTAL QUALITY, Appellant,


v.


GALVESTON BAY CONSERVATION

AND PRESERVATION ASSOCIATION, 

GALVESTON BAY FOUNDATION, AND

MATAGORDA BAY FOUNDATION, Appellees.

 


On appeal from the 345th District Court

of Travis County, Texas.

 


O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Benavides


Opinion by Chief Justice Valdez
 

 Appellees, Galveston Bay Conservation and Preservation Association, Galveston
Bay Foundation, (hereinafter collectively referred to as "Galveston Bay") and Matagorda
Bay Foundation, filed permit applications for the appropriation of water for purely
environmental purposes with appellant, the Texas Commission on Environmental Quality
(hereinafter the "Commission"). The Commission ordered the applications denied for lack
of jurisdiction. Appellees sought judicial review before a trial court, which entered a
judgment setting aside the denial orders and remanding the applications for a contested-case hearing. The Commission appeals from the trial court's judgment, and, by a single
issue, contends that the trial court erred in reversing the Commission's denial orders
because the Commission did not have the statutory authority to grant water permits for
purely environmental purposes. We reverse and render a dismissal of appellees' suit for
lack of jurisdiction.

I. Background

 On November 8, 2002, Matagorda Bay Foundation filed a permit application
requesting an appropriation of water in the Lavaca River basin and the Colorado-Lavaca
and Lavaca Coastal basins for non-consumptive instream use and freshwater inflows into
the Matagorda Bay system. On November 12, Galveston Bay filed a similar application for
non-consumptive instream use and freshwater inflows for the Trinity-San Jacinto estuary
and Galveston Bay. Each appellee tendered the appropriate application fee, and both
appellees contend that the applications were administratively complete by the spring of
2003.

 While the appellees' applications were pending, Southwestern Electric Power
Company filed a motion to dismiss the water permit application of Caddo Lake Institute
with the Commission. In response to the power company's motion, the executive director
of the Commission recommended dismissing or denying Caddo Lake's application based
on the Commission's decision in the San Marcos River Foundation application. See San
Antonio River Auth. v. San Marcos River Found., No. 13-06-326-CV (Tex. App.-Corpus
Christi Jun. __ 2008, no pet. h.). On August 5, 2003, the executive director of the
Commission filed a request to add appellees' applications to the Commission's
consideration of the motion to dismiss the Caddo Lake Institute application. On August 18,
the Commission issued a notice of potential dismissal of appellees' applications. 

 On December 19, 2003, the Commission signed two orders that denied appellees's
applications. In its orders, the Commission made the following determinations:

 Whereas, certain Texas Water Code statutes enacted by the Texas
Legislature reflect this state interest [in protecting instream uses of Texas
surface waterbodies] by requiring consideration of instream flows and bay
and estuary system maintenance in the granting of state water rights (e.g.,
Texas Water Code §§ 11.042(b); 11.046(b); 11.134(b)(D); 11.147; 11.1491;
16.058; and 16.059);


 Whereas, the Commission has included provisions relative to these
important considerations in various reservoir permits issued since enactment
of these statutes and in numerous instream flow requirements on permits
issued by the Commission; 


 Whereas, the Texas Legislature, in the 78th Regular Session, enacted
SB 1639 which states that the waters in the state are held in trust to the
public and the right to use state water may be appropriated only as expressly
authorized by law;


 Whereas, SB 1639 further states that the legislature has not expressly
authorized granting new water rights exclusively for instream flows dedicated
to environmental needs or inflows to the state's bay and estuary systems;


 Whereas, current [Commission] regulations regarding the definition
of instream use and instream uses as listed beneficial uses (30 TAC §§
297.1(23) and 297.43(a)(10)) are inconsistent with and unsupported by
Texas Water Code Chapter 11 prior to and after its amendment by SB 1639
enacted in the 78th Regular Legislative Session;


 Whereas, while the Commission has approved applications to add
instream use designations to four specific water rights permits previously
issued for other beneficial purposes, the Commission has not heretofore
issued a new permit for instream use only, as contemplated by [these]
applciation[s].


The orders denied the applications under section 11.131 of the water code. See Tex.
Water Code Ann. § 11.131 (Vernon 2000). (1) Appellees filed motions for rehearing with the
Commission, but the Commission did not act on the motions. Appellees sought judicial
review in a Travis County District Court by filing a joint petition. See id. § 5.351 (Vernon
2000). 

 In their joint petition, appellees asserted that the Commission had jurisdiction over
their application, see id. § 5.013(a)(1) (Vernon Supp. 2007) (providing that the Commission
has general jurisdiction over water and water rights including the issuance of water rights
permits), and that the Commission had statutory authority to appropriate water for
beneficial uses, which according to appellees includes non-consumptive instream uses and
freshwater inflows into an estuary system. See id. §§11.002(4), 11.023(b) (Vernon Supp.
2007). Appellees argued that the Commission erred in summarily denying their
applications because the Commission improperly deprived them of a contested hearing
and misconstrued the water code's statutory framework by concluding that it could not
grant purely environmental permits. The Commission responded to appellees' petition with
a general denial.

 Appellees moved for summary judgment on three grounds. First, appellees argued
that the Commission has jurisdiction to entertain their applications because the
environmental purposes that they proposed could be defined as a "beneficial use" under
the water code. See id. § 11.023(b). Appellees further argued that the Commission had
administrative authority to grant their applications because the Commission's
administrative rules authorized such permits. See 30 Tex. Admin. Code § 297.43(a)(10)
(1999) (Tex. Comm'n on Envtl. Quality, Water Rights, Substantive) (providing that state
water may be appropriated, diverted, or stored for, among other purposes, instream uses,
water quality, aquatic and wildlife habitat, or freshwater inflows to bays and estuaries).

 The second summary judgment ground advanced by appellees was that section
11.0237(a) of the water code, which was enacted by Senate Bill 1639, created only a
temporary moratorium on the issuance of instream flow permits. See Tex. Water Code
Ann. § 11.0237(a) (Vernon Supp. 2007) (providing that the Commission may not issue a
new permit for instream flows dedicated to environmental needs or bay and estuary
inflows). Section 11.0237(a) expired on September 1, 2005. Id. § 11.0237(c). See Acts
2003, 78th Leg., ch. 1242, § 2 (expired Sep. 1, 2005) (current version at Tex. Water Code
Ann. § 11.0237 (Vernon Supp. 2007)). Appellees, therefore, argued that because the
moratorium was temporary the legislature envisioned the granting of permits after the
moratorium's expiration, and the Commission was obligated to abate appellees's
applications until the moratorium had lapsed.

 As a final summary judgment ground, appellees argued that the Commission failed
to declare their applications administratively complete and that this omission partly lead to
the improper denial of a contested-case hearing. In their original petition, appellees
asserted that they had filed complete applications and tendered the appropriate fees, and
the Commission, therefore, had a ministerial duty to declare their applications
administratively complete and proceed to a contested-case hearing.

 The Commission responded to appellees's summary judgment motion by arguing
that the statutory framework precluded an appropriation of water for purely environmental
purposes. The Commission attacked appellees' first summary judgment ground by arguing
that the history of water appropriation in Texas has emphasized physical use of water and
that appellees' applications did not propose a physical use. The Commission also argued
that its environmental protection role was limited to a consideration of how water permit
applications, if granted, would impact the environment. See Tex. Water Code Ann. §
11.147 (Vernon Supp. 2007).

 In response to appellees' second and third summary judgment grounds, the
Commission argued that section 11.0237(a) of the water code precluded it from granting
the permits that appellees sought. See id. § 11.0237(a). It also asserted that a contested
hearing before the State Office of Administrative Hearings would have been futile because
it did not possess statutory authority to grant the permits. 

 The Commission also sought summary judgment and prayed that its decision to
summarily deny appellees a permit without a contested-case hearing be affirmed. On
November 20, 2006, the trial court granted appellees' motion for summary judgment, found
that the Commission had jurisdiction to hear appellees' permit applications, and found that 
appellees had a right to a contested-case hearing. It reversed the Commission's denial
orders and remanded the applications back to the Commission for further proceedings. 
This appeal ensued. (2) 

II. Discussion In the instant case, both parties filed cross-motions for summary judgment and did 
not dispute the relevant facts in question. This case was appropriate for summary
disposition because the trial court was presented with purely questions of law. See City
of Garland v. Dallas Morning News, 22 S.W.3d 351, 356 (Tex. 2000). When a district court
grants one motion and denies the other, an appellate court should determine all questions
presented and render the judgment the district court should have rendered. Id.

 By its sole issue, the Commission argues that it did not have jurisdiction to issue
water-use permits for purely environmental purposes when it acted on appellees'
applications because the state had instituted a temporary moratorium on such permits. 
See Acts 2003, 78th Leg., ch. 1242, § 2 (expired Sep. 1, 2005) (current version at Tex.
Water Code Ann. § 11.0237 (Vernon Supp. 2007)). The moratorium on purely
environmental water permits has since been made permanent by section 11.0237 of the
water code, which provides that:

The commission may not issue a new permit for instream flows dedicated to
environmental needs or bay and estuary inflows. The commission may
approve an application to amend an existing permit or certificate of
adjudication to change the use to or add a use for instream flows dedicated
to environmental needs or bay and estuary inflows.


Tex. Water Code Ann. § 11.0237(a) (emphasis added). We are, therefore, confronted
with a mootness issue that must be analyzed at the outset. (3) 

 A case becomes moot if a controversy ceases to exist between the parties at any
stage of the legal proceedings, including the appeal. Allstate Ins. Co. v. Hallman, 159
S.W.3d 640, 642 (Tex. 2005); Bd. of Adjustment of San Antonio v. Wende, 92 S.W.3d 424,
427 (Tex. 2002); Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001). Under the mootness
doctrine, a controversy must involve a dispute of something more than a hypothetical or
abstract character. Securtec, Inc. v. County of Gregg, 106 S.W.3d 803, 809 (Tex.
App.-Texarkana 2003, pet. denied) (citing Scurlock Permian Corp. v. Brazos County, 869
S.W.2d 478, 487 (Tex. App.-Houston [1st Dist.] 1993, writ denied)). A case becomes
moot when (1) there is no real controversy, or (2) when a party seeks judgment which,
when rendered, cannot have any practical legal effect. Id. (citing Scholl v. Firemen's &
Policemen's Civil Serv. Comm'n, 520 S.W.2d 470, 471 (Tex. Civ. App.-Corpus Christi
1975, no writ)). 

 In section 11.0237 of the water code, the legislature used the phrase "may not" in
directing the Commission not to issue new water permits for instream flows dedicated to
environmental needs or bay and estuary inflows. See Tex. Water Code Ann. §
11.0237(a). Under section 311.016 of the Code Construction Act, the term "'may not'
imposes a prohibition and is synonymous with 'shall not,'" "unless the context in which the
word or phrase appears necessarily requires a different construction or unless a different
construction is expressly provided by statute." See Tex. Gov't Code Ann. § 311.016
(Vernon 2005). The Commission, therefore, cannot grant appellees the water permits that
they applied for, regardless of the district court's actions in setting aside the Commission's
denial orders and remanding the applications back to the Commission for further
proceedings. See, e.g., Igal v. Brightstar Info. Tech. Group, Inc., No. 04-0931, 2008 Tex.
LEXIS 422, at *7 (Tex. 2008) (providing that the legislature establishes the jurisdiction of
administrative agencies). 

 In essence, the trial court's judgment would have no legal effect given the statutory
parameters that the legislature has enacted. Appellees' challenges to the Commission's
actions are therefore moot. See In re Gruebel, 153 S.W.3d 686, 690 (Tex. App.-Tyler
2005, orig. proceeding) (concluding that a petitioner's application for writ of mandamus
became moot when an amendment to the city ordinance that he was challenging became
effective). Therefore, we conclude that the trial court erred in reversing the Commission's
orders because the trial court's judgment would have no legal effect. The Commission's
sole issue is sustained.

III. Conclusion

 The judgment of the trial court is reversed, and we render a dismissal of appellees'
district court action for lack of jurisdiction. (4) 


 ________________________

 ROGELIO VALDEZ

 Chief Justice 


Opinion delivered and 

filed this the 31st day of July, 2008. 
1. Section 11.131(a) of the water code provides:


The commission shall make a preliminary examination of the application, and if it appears
that there is no unappropriated water in the source of supply or that the proposed
appropriation should not be allowed for other reasons, the commission may deny the
application.


Tex. Water Code Ann. § 11.131(a) (Vernon 2000).
2. This case was transferred from the Third Court of Appeals to the Thirteenth Court of Appeals under
a docket equalization order issued by the Supreme Court of Texas. See Tex. Gov't Code Ann. § 73.001
(Vernon 1998).
3. In response to the permanent moratorium on purely environmental permits, the Commission has
filed a motion requesting that we dismiss this appeal as moot.
4. All pending motions are herein denied as moot.