Affirmed
and Majority and Dissenting Opinions filed August 25, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00949-CV

____________

 

ADRIAN ROBINSON, Appellant

 

V.

 

ALIEF INDEPENDENT SCHOOL DISTRICT
AND LOUIS STOERNER, IN HIS OFFICIAL CAPACITY ONLY, Appellees

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 2007-07420

 



 

M A J O R I T Y   O P I N I O N

Appellant, Adrian Robinson, brings this
accelerated appeal challenging the trial court=s order granting
the plea to the jurisdiction filed by appellees, Alief Independent School
District (AAISD@) and Louis Stoerner.  In his sole issue,
Robinson contends that the trial court erroneously granted the plea to the
jurisdiction because his claims against AISD and Stoerner were not moot.  We
affirm.

 








I.  BACKGROUND

Robinson was employed by AISD as a teacher
during the 2004-2005 school year.  Robinson contends that in the fall of 2004,
he had a brief romantic relationship with a fellow employee, Lenetta Freeman. 
He claims that after he ended the relationship, Freeman and Dwight Brannon, an
employee in AISD=s human resources department, began a
campaign against Robinson to tarnish his reputation as an educator.  Robinson
contends that Brannon placed him on administrative leave in February 2005 for
making Ainappropriate
comments regarding a coworker@ without divulging the substance of the
alleged inappropriate statements.  Moreover, Robinson claims that while he was
on leave, an email was sent to AISD employees indicating that Robinson suffered
from AIDS and was attempting to maliciously spread the disease.  Robinson
claims that in August 2005,  he was forced to resign due to a stress-related
medical disorder.  Freeman resigned from AISD in 2006, and Brannon resigned in
2007.

In February 2007, appellant filed the
underlying lawsuit against AISD, AISD=s superintendent,
Stoerner, in his official capacity, Freeman, and Brannon.  Against AISD and
Stoerner, Robinson alleged equal rights, freedom of speech, and due process
violations under Article I, Sections 3, 8, and 19 of the Texas Constitution. 
Against Freeman and Brannon, Robinson claimed that they Aconspired to and
each intentionally inflicted him with emotional distress, interfered with his
business relationship, and invaded his constitutional right to privacy.@  Robinson sought
declaratory and injunctive relief, requesting that the trial court: (1) Adeclare that
[AISD] violated [his] constitutional rights@; (2) A[e]njoin [AISD]
through its Superintendent of Schools to expunge his records of all references
to Brannon=s acts . . . against him@; and (3) Aorder that
Brannon, Freeman and all other employees of [AISD] cease violating or
infringing upon [his] protected rights and liberties.@ 








AISD and Stoerner answered the lawsuit and
subsequently filed a plea to the jurisdiction contending that Robinson=s claims against
them were moot.  AISD and Stoerner first argued that Robinson=s request for
injunctive relief regarding expungment of his employee file was moot because
AISD, sua sponte, had agreed to expunge the specific portions of Robinson=s personnel file
that he requested to be removed.  After Robinson filed his lawsuit, AISD
voluntarily agreed to expunge all references to Brannon=s acts against
Robinson from the employee file as requested in Robinson=s original
petition and forwarded a letter to Robinson notifying him of its decision to
expunge those records.  Accordingly, AISD and Stoerner argued in their plea to
the jurisdiction that the voluntary decision to expunge all references to
Brannon=s acts against
Robinson from the personnel records mooted Robinson=s request that the
trial court order AISD, through Stoerner, to expunge the same.    

AISD and Stoerner further argued that
Robinson=s remaining
requests for declaratory and injunctive relief were moot.  Specifically, AISD
and Stoerner argued that because Robinson resigned from AISD in 2005, he was no
longer subjected to the alleged unconstitutional conduct.  Consequently, there
was no live controversy.  AISD and Stoerner urged the trial court to dismiss
Robinson=s claims against
them because the trial court did not have subject-matter jurisdiction over the
moot claims. 

With no response from Robinson, the trial
court signed an order granting AISD and Stoerner=s plea to the
jurisdiction and dismissed Robinson=s claims against them. 
On appeal, Robinson argues that the trial court erred in granting the plea to
the jurisdiction and dismissing his claims against AISD and Stoerner because
those claims were not moot.[1] 
In the alternative, Robinson argues that the trial court should have afforded
him the opportunity to amend his pleadings to cure any jurisdictional defects.

 








II. STANDARD OF REVIEW

A plea to the jurisdiction seeks dismissal
of a cause based on lack of subject-matter jurisdiction.  Harris County v.
Sykes, 136 S.W.3d 635, 638 (Tex. 2004); Ahmed v. Metropolitan Transit
Auth., 257 S.W.3d 29, 31 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  Whether a court has subject-matter jurisdiction and
whether a plaintiff has affirmatively demonstrated subject-matter jurisdiction
are questions of law that we review de novo.  Tex. Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  In deciding a plea to
the jurisdiction, we may not weigh the merits of the plaintiff=s claim, but must
consider only the plaintiff=s pleadings, construed in favor of the
plaintiff, and the evidence pertinent to the jurisdictional inquiry.  County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Saturn Capital
Corp. v. City of Houston, 246 S.W.3d 242, 244B45 (Tex. App.CHouston [14th
Dist.] 2007, pet. denied).  When a plaintiff fails to plead facts establishing
jurisdiction, but the petition does not affirmatively demonstrate incurable
defects in jurisdiction, the issue is one of pleading sufficiency.  In that
instance, the plaintiff should be afforded the opportunity to amend.  Brown,
80 S.W.3d at 555.  However, if the pleadings affirmatively negate the existence
of jurisdiction, dismissal is proper without allowing the plaintiff an
opportunity to amend.  Id.  

III. MOOTNESS

In his sole issue, Robinson contends that
his requests for injunctive and declaratory relief were not moot despite his
resignation from AISD and AISD=s decision to expunge portions of his
employee file.  In response, AISD and Stoerner argue that because there is no
live controversy, any judicial action on the merits of Robinson=s claims would
merely be advisory.








The mootness doctrine precludes a court
from rendering an advisory opinion in a case where there is no live
controversy.  Camarena v. Tex. Employment Comm=n, 754 S.W.2d 149,
151 (Tex. 1988); Scurlock Permian Corp. v. Brazos County, 869 S.W.2d
478, 487 (Tex. App.CHouston [1st Dist.] 1993, writ denied) (ACourts may not
give advisory opinions or decide cases upon speculative, hypothetical, or
contingent situations.@).  A declaratory judgment is appropriate
when a justiciable controversy exists concerning the rights and status of the
parties and the controversy will be resolved by the declaration sought.  But an
action does not vest a court with the power to decide hypothetical or
contingent situations or to determine questions not essential to the decision
of an actual controversy, even if such question may require adjudication in the
future.  Harris County Mun. Util. Dist. No. 156 v. United Somerset Corp.,
274 S.W.3d 133, 139B40 (Tex. App.CHouston [1st
Dist.] 2008, no pet.) (quoting Tex. Health Care Info. Council v. Seton
Health Plan, Inc., 94 S.W.3d 841, 846 (Tex. App.CAustin 2002, pet.
denied)).  A case becomes moot when: (1) it appears that a party seeks to
obtain a judgment upon some controversy, when in reality none exists; or (2)  a
party seeks a judgment upon some matter which cannot have any practical legal
effect upon a then existing controversy.  Mollinedo v. Tex. Employment Comm=n, 662 S.W.2d 732,
738 (Tex. App.CHouston [1st Dist.] 1983, writ ref=d n.r.e.);
Scholl v. Firemen=s & Policemen=s Civil Serv. Comm=n, 520 S.W.2d 470,
471 (Tex. Civ. App.CCorpus Christi 1975, no writ) (per
curiam).

A.  Injunctive Relief: Expunging Employee File 

Robinson argues that AISD=s Aunilateral
decision to expunge@ his employee record did not moot his
request for injunctive relief to expunge his records.  Relying heavily upon Lakey
v. Taylor, Robinson argues that without a judicial admission of wrongdoing
or extrajudicial action preventing AISD from reversing its decision to expunge
his personnel file in the future, AISD is capable of retracting its expungement
of the records.  278 S.W.3d 6 (Tex. App.CAustin 2008, no
pet.).








Lakey involved a
due-process constitutional challenge to a departmental policy implemented by
the Texas Department of Health Services.  Id. at 10.  Texas law required
defendants determined to be incompetent to stand trial but ineligible for bail
to be committed to a mental health facility for competency-restoration
treatment.  Id.  These particular commitments were referred to as
forensic commitments.  The Department operated the state mental health hospital
system, which housed and treated a number of forensic-commitment defendants.  Id. 
In 2005, the number of persons required to be committed under the statute
increased dramatically and exceeded the number of available hospital beds for
forensic commitments.  Id.  In response, the Department developed a Aclearinghouse
list,@ which was
essentially a wait list for forensic commitments; the list made all forensic
commitments to state hospitals contingent on the availability of space.  Consequently,
individuals on the clearinghouse list remained in county jail until a state
hospital bed was available for competency-restoration treatment.  Id.  

Thereafter, a group of plaintiffs brought
suit against the commissioner seeking declaratory and injunctive relief.  The
plaintiffs requested an injunction requiring the Department to provide
competency-restoration treatment within a reasonable period of time, not to
exceed three days, and a declaration that the Department=s current
policies, procedures, and practices regarding the clearinghouse list violated
the Texas Constitution.  Id. at 11.  The commissioner responded, in
part, by arguing that the plaintiffs= claims had been mooted
by recent legislative funding and policy changes to the clearinghouse list. 
Specifically, the Department had revised its clearinghouse-list policy so that
the waiting period for forensic commitments had dropped significantly.  The Lakey
Court rejected the commissioner=s mootness argument, concluding that a
controversy still existed, despite the policy changes resulting in a decline in
the waiting period, because the changes did not eliminate the
waiting period.  Id. at 12 (AWhile the
Commissioner asserts that the number of criminal defendants on the
clearinghouse list has been reduced, he does not contend that it has been
eliminated.@).  The Lakey Court further opined that the
Department could not moot the appeal by voluntarily abandoning the challenged
policy Awithout any
binding admission or extrajudicial action that would prevent a recurrence of
the challenged action.@  Id.  Accordingly, the court held
that the plaintiffs= injunctive and declaratory claims were
not moot.  Id.          








Lakey can be
distinguished on two dispositive points.  First, the Lakey Court held
that the injunctive claim was not moot because the Department=s actions did not
fully satisfy the plaintiffs= injunctive request.  See id.  The
plaintiffs in Lakey requested that competency-restoration treatment be
provided within a reasonable time period not exceeding three days.  Id.
at 11.  The Department=s unilateral policy changes fell short of
this request because the changes did not decrease the waiting period to three
days or less.  Rather, the waiting period was reduced to six months.  Id.
at 12.  Accordingly, the plaintiffs= request for
injunctive relief had not fully been satisfied by the Department=s policy changes. 
In contrast, Robinson requested in the instant case that his employee file be
expunged, and AISD fully agreed to comply with this injunctive request. 
Accordingly, there is no more action that a court can enjoin to satisfy
Robinson=s request to
expunge his records.  See Scholl, 520 S.W.2d at 471 (concluding that
because actions requested in suit for declaratory and injunctive relief were
taken, no controversy remained to be resolved).  








Furthermore, unlike Lakey, a case
involving the cessation of an ongoing injury caused by an
unconstitutional departmental policy, there is no present or immediate
injury in the case before us.  Robinson seeks an injunction ordering AISD to
remove documents that AISD has already agreed to expunge in the event AISD
reinstates the documents sometime in the future. Without any evidence of an
existing or continuing present injury, or a reasonable expectation that AISD
will reinstate the expunged documents in his employee file, Robinson=s request is
merely conjunctural and hypothetical.[2] 
Accordingly, any judicial action would be advisory.  See id.  Because
Texas courts are not vested with the authority to render advisory opinions,[3]
we hold that Robinson=s injunctive request to expunge his
employee file is moot.  

B.  Declaratory Relief: Violation of Robinson=s Constitutional
Rights 








Next, Robinson argues that his claim for
declaratory relief regarding the violation of his constitutional rights was not
moot.  As stated above, Robinson=s claim for
declaratory relief is justiciable only if the pleadings articulate an existing
controversy.  See Bonham State Bank v. Beadle, 907 S.W.2d 465,
467 (Tex. 1995).  Past exposure to illegal conduct does not in itself amount to
a present controversy for declaratory relief if unaccompanied by any
continuing, present, adverse effects.  See Williams v.  Lara, 52 S.W.3d
171, 184 (Tex. 2000).  The pleadings before us reflect that Robinson is no
longer employed with AISD.  Thus, he is not currently subjected to the
allegedly unconstitutional activity for which he seeks declaratory relief.  The
Supreme Court of Texas has held that a claim for declaratory relief is moot if
the party is no longer subject to the alleged illegal conduct.  See id. at
184B85.  

In Lara, former inmates sued
Tarrant County and other defendants for operating a religious-education program
instructing inmates about Christianity.   Id. at 175.  The former
inmates complained that the religious instruction violated the Establishment,
Free Exercise, and Equal Protection Clauses of the United States and Texas
Constitutions and violated their civil rights under 42 U.S.C. ' 1983.  Id.  The Lara court held that the former
inmates lacked standing to assert claims for injunctive and declaratory relief
because they no longer were subjected to the unconstitutional conduct about
which they were complaining.  Id. at 184.  Accordingly, their claims for
injunctive and declaratory relief were moot.[4]  Id.

Similar to the former inmates in Lara, Robinson, as a
former AISD employee, no longer faces the alleged misconduct about which he
complains.  Following Lara, we hold that Robinson=s claim for declaratory relief
regarding the violation of his constitutional rights is moot.  See id. at 184B185.

IV. OPPORTUNITY TO AMEND








In the alternative, Robinson complains
that the trial court erred in dismissing his claims without first affording him
the opportunity to amend his pleadings to cure any jurisdictional defect. 
While the general rule expresses a preference to allow a plaintiff the
opportunity to amend, a plaintiff can waive this opportunity through inaction. 
See Kassen v. Hatley, 887 S.W.2d 4, 13B14 n.10 (Tex.
1994); Dahl v. State, 92 S.W.3d 856, 862B63 n.6 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (noting that plaintiffs arguably waived complaint that
the trial court failed to provide them with an opportunity to amend their
pleadings when they did not seek leave to amend); Gray v. City of Galveston,
No. 14-03-00298-CV, 2003 WL 22908145, at *2 (Tex. App.CHouston [14th
Dist.] Dec. 11, 2003, no pet.) (mem. op.) (A[A]ppellant did
not request an opportunity to amend in the trial court, so she has waived any
complaint that she has been denied this opportunity.@).

After AISD and Stoerner filed their plea
to the jurisdiction, Robinson neither responded to the plea with additional
jurisdictional facts reflecting a live controversy nor requested an opportunity
to replead or amend his pleadings.  Despite ample notice of AISD and Stoerner=s jurisdictional
argument, Robinson did not attempt to replead.  Accordingly, Robinson has
waived his right to cure any jurisdictional defects by amendment.

We overrule
appellant=s sole issue and affirm the trial
court=s order granting AISD and Stoerner=s plea to the jurisdiction.

 

 

 

/s/      Adele
Hedges

Chief
Justice

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost. 
(Frost, J. Dissenting). 

 









[1]  Robinson appeals only the dismissal of his request for a declaration
that his constitutional rights were violated by AISD and his request for
injunctive relief ordering AISD to expunge his employee file.  He does not
challenge the dismissal of his claim for injunctive relief to order Brannon,
Freeman, and all AISD employees to cease violating or infringing upon his
constitutional rights.  





[2]  Robinson neither argues that AISD has not expunged
the documents nor identifies a present ongoing injury.  Rather, he argues only
that in the future, AISD may decide to resurrect the expunged documents.  The
dissent contends that Robinson Aremains
vulnerable@ because AISD Amight
not honor@ its agreement to expunge the records.  However,
granting relief on the possibility of noncompliance is advisory. 

The dissent asserts arguments
not raised, explicitly or implicitly, by Robinson: Robinson=s request for expungement is not moot because, inter
alia, (1) AISD was required to expunge all records within their possession,
not exclusively Robinson=s personnel file, (2) AISD Aonly offer[ed] to take documents from Robinson=s personnel file and move them to another file,@ and (3) AISD Aha[d]
not expunged the items requested by Robinson.@  Not only did Robinson fail to make these arguments on appeal, they
are without merit.  In his petition, Robinson requested AISD to expunge Ahis records of all references to Brannon=s acts against him.@ 
Liberally construing the petition, Robinson requests that only his
records be expunged, not any and all other files within AISD=s possession.  

As for the dissent=s Aagreement to
merely transfer@ argument, AISD=s
letter did not indicate that AISD would merely transfer the documents from one
file to another.  Specifically, the letter indicates: 

 

Part of the relief Adrian
Robinson seeks in this lawsuit is for the Court to enter an injunction
requiring AISD to Aexpunge [Mr. Robinson=s] records of all references to [Dwight] Brannon=s acts as against him[.]@ As an initial matter, my clients adamantly dispute engaging in any
unlawful acts against Mr. Robinson, and maintain that Mr. Robinson=s claims in this case are unfounded.  Moreover, AISD
does not believe that it has any obligation to expunge Mr. Robinson=s records as requested.        

Nevertheless, in order to moot
the issue and avoid incurring additional expenses related to this issue, AISD
is enclosing with this letter Mr. Robinson=s
personnel file from AISD (labeled AISD 1 through AISD 109), as well as all
other non-privileged documents of which it is aware relating to the allegations
in this lawsuit (labeled AISD 110 through AISD 214 and AISD 381-382).  AISD
agrees to expunge any of these records that Mr. Robinson believes
reflect Dwight Brannon=s Aacts as against
him@ as requested in his lawsuit.  Additionally, if Mr.
Robinson believes that AISD maintains any other records that reflect Mr.
Brannon=s Aacts as against
him@ as alleged in his lawsuit (of which AISD is unaware),
AISD requests that Mr. Robinson identify any such documents and AISD agrees to expunge
them.

 

The letter in no way indicates
that AISD is merely transferring the relevant documents to another file. 
Rather, the letter explicitly reflects AISD=s
agreement to expunge the records.  

Finally,
contrary to the dissent=s argument that AISD has not in fact expunged the
records and only made a unilateral offer to expunge, Robinson has made no
complaint that AISD has not actually expunged his records or that the letter
makes a mere unilateral offer.  His only complaint is that in the future, a
person without knowledge of the underlying litigation may inadvertently
resurrect the already-expunged records.  We cannot address the substantive
arguments raised by the dissent because they were not asserted or briefed by
Robinson.  See Zamarron v. Shinko Wire Co., 125 S.W.3d 132, 139 (Tex.
App.CHouston [14th Dist.] 2003, pet. denied) (complaint
waived because it was not raised in initial brief); Stevens v. Nat=l Educ. Ctrs., Inc., 990 S.W.2d 374, 378 n.1 (Tex. App.CHouston
[14th Dist.] 1999, pet. denied) (appellate court will not address an issue that
is not raised on appeal by an appellant).





[3]  See Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000). 





[4]  The Texas Supreme Court reasoned that past illegal
conduct without a present ongoing injury is moot for declaratory and injunctive
relief.  Lara, 52 S.W.3d at 184.  Nevertheless, if a party also seeks
damages, the damages claim is not moot.  Id. at 185.  Robinson, however,
does not seek damages in his suit against AISD and Stoerner.