Adrian ROBINSON, Appellant,

v.

**ALIEF INDEPENDENT SCHOOL DISTRICT and Louis Stoerner, in his Official Capacity only, Appellees.**

No. 14–08–00949–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 25, 2009.

322

Larry Watts, Missouri City, TX, for appellant.

Jon Erik Nichols, Jonathan Griffin Brush, Paul Andrew Lamp, Houston, for appellees.

Panel consists of Chief Justice HEDGES, and Justices YATES and FROST.

## MAJORITY OPINION

ADELE HEDGES, Chief Justice.

Appellant, Adrian Robinson, brings this accelerated appeal challenging the trial court's order granting the plea to the jurisdiction filed by appellees, Alief Independent School District ("AISD") and Louis Stoerner. In his sole issue, Robinson con-

tends that the trial court erroneously granted the plea to the jurisdiction because his claims against AISD and Stoerner were not moot. We affirm.

## I. BACKGROUND

Robinson was employed by AISD as a teacher during the 2004–2005 school year. Robinson contends that in the fall of 2004, he had a brief romantic relationship with a fellow employee, Lenetta Freeman. He claims that after he ended the relationship, Freeman and Dwight Brannon, an employee in AISD's human resources department, began a campaign against Robinson to tarnish his reputation as an educator. Robinson contends that Brannon placed him on administrative leave in February 2005 for making "inappropriate comments regarding a coworker" without divulging the substance of the alleged inappropriate statements. Moreover, Robinson claims that while he was on leave, an email was sent to AISD employees indicating that Robinson suffered from AIDS and was attempting to maliciously spread the disease. Robinson claims that in August 2005, he was forced to resign due to a stress-related medical disorder. Freeman resigned from AISD in 2006, and Brannon resigned in 2007.

In February 2007, appellant filed the underlying lawsuit against AISD, AISD's superintendent, Stoerner, in his official capacity, Freeman, and Brannon. Against AISD and Stoerner, Robinson alleged equal rights, freedom of speech, and due process violations under Article I, Sections 3, 8, and 19 of the Texas Constitution. Against Freeman and Brannon, Robinson claimed that they "conspired to and each intentionally inflicted him with emotional distress, interfered with his business relationship, and invaded his constitutional right to privacy." Robinson sought declaratory and injunctive relief, requesting that the trial court: (1) "declare that [AISD] violated [his] constitutional rights"; (2) "[e]njoin [AISD] through its Superintendent of Schools to expunge his records of all references to Brannon's acts . . . against him"; and (3) "order that Brannon, Freeman and all other employees of [AISD] cease violating or infringing upon [his] protected rights and liberties."

AISD and Stoerner answered the lawsuit and subsequently filed a plea to the jurisdiction contending that Robinson's claims against them were moot. AISD and Stoerner first argued that Robinson's request for injunctive relief regarding expungement of his employee file was moot because AISD, sua sponte, had agreed to expunge the specific portions of Robinson's personnel file that he requested to be removed. After Robinson filed his lawsuit, AISD voluntarily agreed to expunge all references to Brannon's acts against Robinson from the employee file as requested in Robinson's original petition and forwarded a letter to Robinson notifying him of its decision to expunge those records. Accordingly, AISD and Stoerner argued in their plea to the jurisdiction that the voluntary decision to expunge all references to Brannon's acts against Robinson from the personnel records mooted Robinson's request that the trial court order AISD, through Stoerner, to expunge the same.

AISD and Stoerner further argued that Robinson's remaining requests for declaratory and injunctive relief were moot. Specifically, AISD and Stoerner argued that because Robinson resigned from AISD in 2005, he was no longer subjected to the alleged unconstitutional conduct. Consequently, there was no live controversy. AISD and Stoerner urged the trial court to dismiss Robinson's claims against them because the trial court did not have subject-matter jurisdiction over the moot claims.

With no response from Robinson, the trial court signed an order granting AISD and Stoerner's plea to the jurisdiction and dismissed Robinson's claims against them. On appeal, Robinson argues that the trial court erred in granting the plea to the jurisdiction and dismissing his claims against AISD and Stoerner because those claims were not moot.[1] In the alternative, Robinson argues that the trial court should have afforded him the opportunity to amend his pleadings to cure any jurisdictional defects.

## II. STANDARD OF REVIEW

■ A plea to the jurisdiction seeks dismissal of a cause based on lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004); *Ahmed v. Metropolitan Transit Auth.*, 257 S.W.3d 29, 31 (Tex.App.-Houston [14th Dist.] 2008, no pet.). Whether a court has subject-matter jurisdiction and whether a plaintiff has affirmatively demonstrated subject-matter jurisdiction are questions of law that we review *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). In deciding a plea to the jurisdiction, we may not weigh the merits of the plaintiff's claim, but must consider only the plaintiff's pleadings, construed in favor of the plaintiff, and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002); *Saturn Capital Corp. v. City of Houston*, 246 S.W.3d 242, 244–45 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). When a plaintiff fails to plead facts establishing jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency. In

that instance, the plaintiff should be afforded the opportunity to amend. *Brown*, 80 S.W.3d at 555. However, if the pleadings affirmatively negate the existence of jurisdiction, dismissal is proper without allowing the plaintiff an opportunity to amend. *Id.*

## III. MOOTNESS

■ In his sole issue, Robinson contends that his requests for injunctive and declaratory relief were not moot despite his resignation from AISD and AISD's decision to expunge portions of his employee file. In response, AISD and Stoerner argue that because there is no live controversy, any judicial action on the merits of Robinson's claims would merely be advisory.

■ The mootness doctrine precludes a court from rendering an advisory opinion in a case where there is no live controversy. *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex.1988); *Scurlock Permian Corp. v. Brazos County*, 869 S.W.2d 478, 487 (Tex.App.-Houston [1st Dist.] 1993, writ denied) ("Courts may not give advisory opinions or decide cases upon speculative, hypothetical, or contingent situations."). A declaratory judgment is appropriate when a justiciable controversy exists concerning the rights and status of the parties and the controversy will be resolved by the declaration sought. But an action does not vest a court with the power to decide hypothetical or contingent situations or to determine questions not essential to the decision of an actual controversy, even if such question may require adjudication in the future. *Harris*

---

1. Robinson appeals only the dismissal of his request for a declaration that his constitutional rights were violated by AISD and his request for injunctive relief ordering AISD to expunge his employee file. He does not chal-

lenge the dismissal of his claim for injunctive relief to order Brannon, Freeman, and all AISD employees to cease violating or infringing upon his constitutional rights.

*County Mun. Util. Dist. No. 156 v. United Somerset Corp.*, 274 S.W.3d 133, 139–40 (Tex.App.-Houston [1st Dist.] 2008, no pet.) (quoting *Tex. Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846 (Tex.App.-Austin 2002, pet. denied)). A case becomes moot when: (1) it appears that a party seeks to obtain a judgment upon some controversy, when in reality none exists; or (2) a party seeks a judgment upon some matter which cannot have any practical legal effect upon a then existing controversy. *Mollinedo v. Tex. Employment Comm'n*, 662 S.W.2d 732, 738 (Tex.App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Scholl v. Firemen's & Policemen's Civil Serv. Comm'n*, 520 S.W.2d 470, 471 (Tex.Civ.App.-Corpus Christi 1975, no writ) (per curiam).

### A. Injunctive Relief: Expunging Employee File

Robinson argues that AISD's "unilateral decision to expunge" his employee record did not moot his request for injunctive relief to expunge his records. Relying heavily upon *Lakey v. Taylor*, Robinson argues that without a judicial admission of wrongdoing or extrajudicial action preventing AISD from reversing its decision to expunge his personnel file in the future, AISD is capable of retracting its expungement of the records. 278 S.W.3d 6 (Tex. App.-Austin 2008, no pet.).

*Lakey* involved a due-process constitutional challenge to a departmental policy implemented by the Texas Department of Health Services. *Id.* at 10. Texas law required defendants determined to be incompetent to stand trial but ineligible for bail to be committed to a mental health facility for competency-restoration treatment. *Id.* These particular commitments were referred to as forensic commitments. The Department operated the state mental health hospital system, which housed and treated a number of forensic-commitment defendants. *Id.* In 2005, the number of persons required to be committed under the statute increased dramatically and exceeded the number of available hospital beds for forensic commitments. *Id.* In response, the Department developed a "clearinghouse list," which was essentially a wait list for forensic commitments; the list made all forensic commitments to state hospitals contingent on the availability of space. Consequently, individuals on the clearinghouse list remained in county jail until a state hospital bed was available for competency-restoration treatment. *Id.*

Thereafter, a group of plaintiffs brought suit against the commissioner seeking declaratory and injunctive relief. The plaintiffs requested an injunction requiring the Department to provide competency-restoration treatment within a reasonable period of time, not to exceed three days, and a declaration that the Department's current policies, procedures, and practices regarding the clearinghouse list violated the Texas Constitution. *Id.* at 11. The commissioner responded, in part, by arguing that the plaintiffs' claims had been mooted by recent legislative funding and policy changes to the clearinghouse list. Specifically, the Department had revised its clearinghouse-list policy so that the waiting period for forensic commitments had dropped significantly. The *Lakey* Court rejected the commissioner's mootness argument, concluding that a controversy still existed, despite the policy changes resulting in a decline in the waiting period, because the changes did not *eliminate* the waiting period. *Id.* at 12 ("While the Commissioner asserts that the number of criminal defendants on the clearinghouse list has been reduced, he does not contend that it has been eliminated."). The *Lakey* Court further opined that the Department could not moot the appeal by voluntarily abandoning the challenged policy "without

any binding admission or extrajudicial action that would prevent a recurrence of the challenged action." *Id.* Accordingly, the court held that the plaintiffs' injunctive and declaratory claims were not moot. *Id.*

*Lakey* can be distinguished on two dispositive points. First, the *Lakey* Court held that the injunctive claim was not moot because the Department's actions did not fully satisfy the plaintiffs' injunctive request. *See id.* The plaintiffs in *Lakey* requested that competency-restoration treatment be provided within a reasonable time period not exceeding three days. *Id.* at 11. The Department's unilateral policy changes fell short of this request because the changes did not decrease the waiting period to three days or less. Rather, the waiting period was reduced to six months. *Id.* at 12. Accordingly, the plaintiffs' request for injunctive relief had not fully been satisfied by the Department's policy changes. In contrast, Robinson requested in the instant case that his employee file

be expunged, and AISD fully agreed to comply with this injunctive request. Accordingly, there is no more action that a court can enjoin to satisfy Robinson's request to expunge his records. *See Scholl,* 520 S.W.2d at 471 (concluding that because actions requested in suit for declaratory and injunctive relief were taken, no controversy remained to be resolved).

Furthermore, unlike *Lakey,* a case involving the cessation of an *ongoing injury* caused by an unconstitutional departmental *policy,* there is no present or immediate injury in the case before us. Robinson seeks an injunction ordering AISD to remove documents that AISD has already agreed to expunge *in the event AISD reinstates the documents sometime in the future.* Without any evidence of an existing or continuing present injury, or a reasonable expectation that AISD will reinstate the expunged documents in his employee file, Robinson's request is merely conjunctural and hypothetical.[2] Accordingly, any

---

**2.** Robinson neither argues that AISD has not expunged the documents nor identifies a present ongoing injury. Rather, he argues only that in the future, AISD may decide to resurrect the expunged documents. The dissent contends that Robinson "remains vulnerable" because AISD "might not honor" its agreement to expunge the records. However, granting relief on the possibility of noncompliance is advisory.

The dissent asserts arguments not raised, explicitly or implicitly, by Robinson: Robinson's request for expungement is not moot because, *inter alia,* (1) AISD was required to expunge all records within their possession, not exclusively Robinson's personnel file, (2) AISD "only offer[ed]" to take documents from Robinson's personnel file and move them to another file," and (3) AISD "ha[d] not expunged the items requested by Robinson." Not only did Robinson fail to make these arguments on appeal, they are without merit. In his petition, Robinson requested AISD to expunge "his records of all references to Brannon's acts against him." Liberally construing the petition, Robinson requests that

only *his* records be expunged, not any and all other files within AISD's possession.

As for the dissent's "agreement to merely transfer" argument, AISD's letter did not indicate that AISD would merely transfer the documents from one file to another. Specifically, the letter indicates:

Part of the relief Adrian Robinson seeks in this lawsuit is for the Court to enter an injunction requiring AISD to "expunge [Mr. Robinson's] records of all references to [Dwight] Brannon's acts as against him[.]" As an initial matter, my clients adamantly dispute engaging in any unlawful acts against Mr. Robinson, and maintain that Mr. Robinson's claims in this case are unfounded. Moreover, AISD does not believe that it has any obligation to expunge Mr. Robinson's records as requested.

Nevertheless, in order to moot the issue and avoid incurring additional expenses related to this issue, AISD is enclosing with this letter Mr. Robinson's personnel file from AISD (labeled AISD 1 through AISD 109), as well as all other non-privileged documents of which it is aware relating to the allegations in this lawsuit (labeled AISD

judicial action would be advisory. *See id.* Because Texas courts are not vested with the authority to render advisory opinions,[3] we hold that Robinson's injunctive request to expunge his employee file is moot.

### B. Declaratory Relief: Violation of Robinson's Constitutional Rights

 Next, Robinson argues that his claim for declaratory relief regarding the violation of his constitutional rights was not moot. As stated above, Robinson's claim for declaratory relief is justiciable only if the pleadings articulate an existing controversy. *See Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995). Past exposure to illegal conduct does not in itself amount to a present controversy for declaratory relief if unaccompanied by any continuing, present, adverse effects. *See Williams v. Lara,* 52 S.W.3d 171, 184 (Tex.2000). The pleadings before us reflect that Robinson is no longer employed with AISD. Thus, he is not currently subjected to the allegedly unconstitutional ac-

tivity for which he seeks declaratory relief. The Supreme Court of Texas has held that a claim for declaratory relief is moot if the party is no longer subject to the alleged illegal conduct. *See id.* at 184–85.

In *Lara,* former inmates sued Tarrant County and other defendants for operating a religious-education program instructing inmates about Christianity. *Id.* at 175. The former inmates complained that the religious instruction violated the Establishment, Free Exercise, and Equal Protection Clauses of the United States and Texas Constitutions and violated their civil rights under 42 U.S.C. § 1983. *Id.* The *Lara* court held that the former inmates lacked standing to assert claims for injunctive and declaratory relief because they no longer were subjected to the unconstitutional conduct about which they were complaining. *Id.* at 184. Accordingly, their claims for injunctive and declaratory relief were moot.[4] *Id.*

Similar to the former inmates in *Lara,* Robinson, as a former AISD employee, no

---

110 through AISD 214 and AISD 381–382). AISD agrees to *expunge* any of these records that Mr. Robinson believes reflect Dwight Brannon's "acts as against him" as requested in his lawsuit. Additionally, if Mr. Robinson believes that AISD maintains any other records that reflect Mr. Brannon's "acts as against him" as alleged in his lawsuit (of which AISD is unaware), AISD requests that Mr. Robinson identify any such documents and AISD agrees to *expunge* them.

The letter in no way indicates that AISD is merely transferring the relevant documents to another file. Rather, the letter explicitly reflects AISD's agreement to *expunge* the records.

Finally, contrary to the dissent's argument that AISD has not in fact expunged the records and only made a unilateral offer to expunge, Robinson has made no complaint that AISD has not actually expunged his records or that the letter makes a mere unilateral offer. His only complaint is that in the future, a person without knowledge of the un-

derlying litigation may inadvertently resurrect the already-expunged records. We cannot address the substantive arguments raised by the dissent because they were not asserted or briefed by Robinson. *See Zamarron v. Shinko Wire Co.,* 125 S.W.3d 132, 139 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (complaint waived because it was not raised in initial brief); *Stevens v. Nat'l Educ. Ctrs., Inc.,* 990 S.W.2d 374, 378 n. 1 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (appellate court will not address an issue that is not raised on appeal by an appellant).

3. *See Valley Baptist Med. Ctr. v. Gonzalez,* 33 S.W.3d 821, 822 (Tex.2000).

4. The Texas Supreme Court reasoned that past illegal conduct without a present ongoing injury is moot for declaratory and injunctive relief. *Lara,* 52 S.W.3d at 184. Nevertheless, if a party also seeks damages, the damages claim is not moot. *Id.* at 185. Robinson, however, does not seek damages in his suit against AISD and Stoerner.

longer faces the alleged misconduct about which he complains. Following *Lara*, we hold that Robinson's claim for declaratory relief regarding the violation of his constitutional rights is moot. *See id.* at 184–185.

## IV. OPPORTUNITY TO AMEND

In the alternative, Robinson complains that the trial court erred in dismissing his claims without first affording him the opportunity to amend his pleadings to cure any jurisdictional defect. While the general rule expresses a preference to allow a plaintiff the opportunity to amend, a plaintiff can waive this opportunity through inaction. *See Kassen v. Hatley*, 887 S.W.2d 4, 13–14 n. 10 (Tex.1994); *Dahl v. State*, 92 S.W.3d 856, 862–63 n. 6 (Tex. App.-Houston [14th Dist.] 2002, no pet.) (noting that plaintiffs arguably waived complaint that the trial court failed to provide them with an opportunity to amend their pleadings when they did not seek leave to amend); *Gray v. City of Galveston*, No. 14–03–00298–CV, 2003 WL 22908145, at *2 (Tex.App.-Houston [14th Dist.] Dec. 11, 2003, no pet.) (mem. op.) ("[A]ppellant did not request an opportunity to amend in the trial court, so she has waived any complaint that she has been denied this opportunity.").

After AISD and Stoerner filed their plea to the jurisdiction, Robinson neither responded to the plea with additional jurisdictional facts reflecting a live controversy nor requested an opportunity to replead or amend his pleadings. Despite ample notice of AISD and Stoerner's jurisdictional argument, Robinson did not attempt to replead. Accordingly, Robinson has waived his right to cure any jurisdictional defects by amendment.

We overrule appellant's sole issue and affirm the trial court's order granting AISD and Stoerner's plea to the jurisdiction.

FROST, J., Dissenting.

KEM THOMPSON FROST, Justice, dissenting.

The plaintiff, a former employee of the defendant school district, sought an injunction ordering the school district and its superintendent to expunge from all of their records all references to another employee's acts against the plaintiff. The majority concludes that the plaintiff received this requested relief because the school district, in a letter, offered to move files selected by the plaintiff out of the plaintiff's personnel file and into other files maintained by the school district. The school district's offer did not include an agreement to expunge all documents requested and is not equivalent to an injunction ordering the school district and its superintendent to permanently erase all objectionable references from all of their records. Therefore, the school district's offer did not moot the plaintiff's claims.

A trial court must have subject matter jurisdiction to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Mootness is a threshold issue affecting a trial court's subject matter jurisdiction. *See In re H & R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 899 (Tex.App.-Houston [14th Dist.] 2008, no pet.). The existence of jurisdiction is a question of law, which this court reviews de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). We examine the pleadings to determine whether the facts pleaded affirmatively demonstrate that jurisdiction exists and construe the pleadings liberally, looking to the pleader's intent. *State v. Holland*, 221 S.W.3d 639, 642–43 (Tex.2007) (involving plea to jurisdiction). A fact question as to jurisdiction prevents a trial court from granting a par-

ty's plea to the jurisdiction. *City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex.2008).

### The Request for Injunctive Relief

In his petition, appellant/plaintiff Adrian Robinson asked the trial court to "enjoin the [Alief Independent School] District through its Superintendent of Schools to expunge his records of all references to [Dwight] Brannon's acts as against him." Under normal rules of grammar, "his records" presumably refers to the superintendent's records.[1] But even if "his records" meant "Robinson's records," liberally construing the petition,[2] as we must, this phrase would mean any record of appellee Alief Independent School District (the "District") relating to Robinson and would not be limited to Robinson's personnel file.

### The Standard for Evaluating Mootness

Mootness is determined based on the status of the claims as of the time of the ruling on the plea to the jurisdiction rather than on what the status might be at some moment in the future. *See Fed. Deposit Ins. Corp. v. Nueces County*, 886 S.W.2d 766, 767 (Tex.1994). Thus, in evaluating Robinson's claims for mootness, this court must focus on the status of the claims at the time of the trial court's order of dis-

missal. Likewise, the mootness determination must be made with stringent reference to Robinson's request for relief as set forth in his pleadings, without regard to the merits of his claims or the likelihood of their success. A litigant should not be deprived his day in court unless his claims are truly moot.

The doctrine of mootness is based on the prohibition against courts issuing advisory opinions. *See Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 971 S.W.2d 439, 442 (Tex.1998). Courts have articulated various legal standards for determining when a case is moot.[3] In this case, the District argues and the majority concludes that Robinson's request for injunctive relief is moot because the District "fully agreed to comply with this injunctive request" and therefore "there is no more action that a court can enjoin to satisfy Robinson's request to expunge his records."[4] The majority relies on the theory that the District has performed all the actions that Robinson asked the trial court to order the District to undertake.[5]

### The School District's Offer

The trial court concluded that Robinson's request for injunctive relief is moot

---

1. Under common rules of English grammar, to be unambiguous, a pronoun typically refers to the last antecedent in the same sentence. THE CHICAGO MANUAL OF STYLE 155 (15th ed., 2003).

2. Because no special exceptions were sustained against the petition, this court must construe Robinson's petition liberally to contain any claims that reasonably may be inferred from the specific language used in the petition. *See SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354–55 (Tex.1995).

3. For example, courts have stated that a case is moot when (1) a controversy ceases to exist between the parties, (2) the parties lack a legally cognizable interest in the outcome, (3)

when a party seeks a ruling on some matter which, when rendered, would not have any practical legal effect on a then-existing controversy, or (4) the plaintiff seeks a court order commanding the defendant to perform certain acts and the defendant performs all these acts without a court order. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex.2005); *In re H & R Block Financial Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex.App.-Houston [14th Dist.] 2008, orig. proceeding); *Houston Chronicle Publ'g Co. v. Thomas*, 196 S.W.3d 396, 401 (Tex.App.-Houston [1st Dist.] 2006, no pet.).

4. *See ante* at p. 326.

5. *See id.*

based on Robinson's receipt of a letter from the District, dated August 26, 2008 (the "District's Letter"). In the District's Letter, without admitting liability or agreeing to enter into an injunction or other agreed court order and for the stated purpose of mooting Robinson's claims, the District enclosed a copy of Robinson's personnel file and other "non-privileged documents of which it is aware relating to the allegations in this lawsuit." The District stated that it "agree[d] to expunge" any of its records that Robinson believes reflect "Brannon's acts against him." Significantly, however, rather than stating that the expunged records would no longer be part of the District's records, the District stated only that "the expunged records will no longer be part of the records that [the District] maintains for Mr. Robinson." [6] Robinson, who sought injunctive relief with respect to a larger scope of documents, did not accept the terms set forth in the District's Letter and that offer did not ripen into a contract. The trial court found that this unaccepted offer alone mooted Robinson's request for relief.

### Arguments on Appeal

In challenging the trial court's dismissal of his claims as moot, Robinson asserts several arguments. Robinson could have made these arguments more clearly and more thoroughly; better briefing would have enhanced this court's ability to effectively review the issues presented. However, even if Robinson had not sufficiently briefed the issue, because the disposition of this case turns on a jurisdictional issue—mootness—this court is duty-bound to examine jurisdictional grounds, and may do so sua sponte. *See M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 673 (Tex.2004) (stating that a reviewing court is obligated to review sua sponte issues affecting jurisdiction). Construing Robinson's appellate brief liberally, as this court must, Robinson argues that (1) his claims are not moot; (2) the District's Letter is a "unilateral offer" that is not binding on the District; (3) Robinson's request for expungement was directed at all of the District's records and not just Robinson's personnel file; (4) in the District's Letter, the District offers only to take documents from Robinson's personnel file and move them to another file; and (5) the District has not expunged the items requested by Robinson.[7] *See Ditta v. Conte,* 298 S.W.3d 187, 189–90 (Tex.2009).[8]

**6.** The District also submitted an affidavit from one of its employees, Rose Benitez; however, Benitez simply said that she agreed to the terms of the District's Letter.

**7.** The majority indicates that Robinson did not explicitly or implicitly assert these arguments. *See ante* at pp. 326–27 n. 2. In his appellate brief, Robinson summarizes his argument as follows:

> The trial court erred in granting Defendants AISD and Stoerner's Plea to the Jurisdiction and finding that Plaintiff's claims against these Defendants were moot simply because Defendants unilaterally offered a portion of the relief being sought by Plaintiff.
>
> . . .
>
> Because AISD and Stoerner's unilateral decision to expunge Plaintiff's record was not

coupled with any binding judicial admission or some extrajudicial action that would prevent the recurrence of their unconstitutional actions, Robinson's claims against these Defendants are not moot and the trial court erred in finding it did not have subject matter jurisdiction over Robinson's claims against AISD and Stoerner.

Additional quoted references to specific arguments raised by Robinson in his appellate brief are contained in footnotes specific to the issues.

**8.** The majority indicates that Robinson does not challenge the dismissal of his claim for injunctive relief to order Brannon and Freeman to cease violating or infringing upon his rights. *See ante* at p. 324 n. 1. However, the trial court did not dismiss Robinson's request

## The Reasons the Claims Are Not Moot

The trial court's finding of mootness is unsupportable for several reasons, each of which is grounded on the fundamental concept that when Robinson's request for relief (as set forth in his pleadings) is measured against the District's offer, unsatisfied requests for relief clearly remain.

### *An offer to perform an act is not the same as performing the act.*

Robinson argues on appeal that the District's Letter is not a binding contract, that it does not provide him with any recourse against the District, and that nothing would prevent the District from moving the documents in question back to Robinson's personnel file. Robinson's arguments have merit.

Even if the District had offered to expunge all the information that Robinson asked the court to order expunged, such an offer would not be the same as a court order commanding the District to expunge all of this information. Under its unambiguous language, the District's Letter is not a contract but rather an offer that is not binding on the parties unless and until Robinson accepts the District's offer by designating documents that Robinson believes reflect "Brannon's acts against him." *See Johnston v. Kruse*, 261 S.W.3d 895, 898 (Tex.App.-Dallas 2008, no pet.) (holding that no unilateral contract was formed because promisee did not accept the offer by performing the act the promissor requested). Mootness is determined based on the status of the claims as of the time of the ruling on the plea to the jurisdiction rather than on what the status might be at some moment in the future, in which Robinson might have accepted the District's offer by performance or in which the District might expunge information from its records regarding Robinson. *See Fed. Deposit Ins. Corp.*, 886 S.W.2d at 767. The contingencies on which the mootness finding is premised have not yet occurred, and therefore the claims are not moot.

As Robinson correctly points out, even though his claims were dismissed as moot because he purportedly received all the relief he requested, he remains vulnerable to receiving nothing. For example, after this appeal is over, the District might not honor its offer and then might argue successfully that it has governmental immunity against Robinson's suit for enforcement of the promise of expungement.[9] Because Robinson's claims are being declared moot even though he did not receive the injunctive relief he requested, he is effectively left without a remedy or enforcement mechanism. More importantly, the court's mootness finding deprives him of the opportunity to even seek this relief.

as to Brannon and Freeman. As such, that request is not part of this appeal.

9. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex.2006); *Nat'l Surety Corp. v. Friendswood Indep. Sch. Dist.*, 433 S.W.2d 690, 694 (Tex.1968). The parties have not cited any applicable exception to governmental immunity. A four-justice plurality of the Supreme Court of Texas stated that immunity is waived as to a suit against a government entity for breach of a settlement agreement that resolved a lawsuit for which the entity had no immunity. *See Tex. A & M Univ.-Kingsville v. Lawson*, 87 S.W.3d 518, 520–23 (Tex.2002) (plurality op.). In *Lawson*, four dissenting justices concluded that immunity applied even under those facts. *See id.* at 524 (Rodriguez, J., dissenting). Presuming that the *Lawson* plurality correctly stated Texas law, this exception does not apply to the District's Letter. The *Lawson* plurality stressed the narrow nature of the exception in question, which it limited, among other things, to suits for breach of a settlement agreement. *See id.* at 522–23 (plurality op.). Under its unambiguous language, the District's Letter is not a settlement agreement. The parties have not cited any statute waiving the District's governmental immunity from a suit by Robinson seeking to enforce the District's Letter.

An offer or agreement to expunge information is fundamentally different from a court order commanding the District to expunge information. This is true when none of the parties is a governmental entity, but it is even more significant when one of the parties involved is a political subdivision of the State that generally enjoys governmental immunity. However, if Robinson were awarded the injunctive relief he sought—an order compelling the District to expunge the records—then Robinson would have a means of enforcing this injunction against the District. Violation of a court order would subject the District to being held in contempt of court for failure to comply. Therefore, a significant difference exists between the injunction that Robinson requested and the District's offer. On this basis alone, Robinson has not received all the relief he requested, and this claim is not moot.

***Moving documents from one file to another is not the same as expunging references contained in them.***

Robinson sought an injunction commanding the District to expunge from its records all references to Brannon's allegedly improper allegations against Robinson. The plain meaning of the word "expunge" is "to erase or destroy." *See* BLACK'S LAW DICTIONARY 603 (7th ed. 1999); *see also Tex. Dep't of Public Safety v. J.H.J.*, 274 S.W.3d 803, 809 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (construing "expungement" as promoting "destruction" of records under the Texas Code of Criminal Procedure). If the District were to erase or destroy all of the references of which Robinson complains, then its records would contain none of these references at all. In one part of the District's Letter, the District states that it "agrees to expunge" any of its records that Robinson believes reflect "Brannon's acts against him." However, after stating that the District reserves the right to use any and all of Robinson's records in this lawsuit, the District states that "the expunged records will no longer be part of the records that [the District] maintains for Mr. Robinson." This language strongly suggests that the District may believe that it has "expunged" the references in question if it merely removes them from its files regarding Robinson and puts them in another one of its files.[10] This action is not expungement. In his petition, Robinson sought erasure or destruction of the references in question from all of the District's files; he did not seek the transfer of documents containing such references from one part of the District's files to another.[11] Such a transfer could be undone easily and would not eliminate or erase the references from the District's files. Expungement is permanent, and it would prevent the District from communicating these ref-

**10.** The majority also indicates that after expunging documents, the District could "reinstate" the documents in the future. *See ante* at p. 326. This is contrary to the plain meaning of the word "expunge."

**11.** Robinson argues specifically in his appellate brief, "The trial court found that Plaintiff's claims against Defendants AISD and Stoerner were moot because AISD agreed more than 18 months after Robinson filed suit to expunge his AISD personnel records of whatever documents that Plaintiff maintained were the basis of the lawsuit against them.

Within that finding is the trial court's and defendants' acknowledgment that but for the defendants' *unilateral, non-binding and reversible removal of certain documents from* or expungement of Robinson's personnel file, Robinson's claims were not moot, and the trial court had jurisdiction over those claims." (internal citations to record omitted and emphasis added). Robinson argued that without a binding agreement as to the District's offer in the District's Letter, "*nothing* would prevent them from *reinserting* the harmful documents into his AISD personnel file...."

erences to third parties in the future and from having more of the District's employees learn the contents of these references. For this reason, Robinson has not received all the relief he requested.

**Documents not held back from discovery as privileged are not the same as all of the District's documents.**

Robinson did not limit his requested relief to the documents not held back by the District under assertion of privilege. Yet, in the District's Letter, the District asks Robinson to select the information to which he objects from "non-privileged documents of which the District is aware relating to the allegations in this lawsuit." This group of documents does not include all of the District's records. Because the District is holding back documents under claim of privilege, there may be documents that the District has held back that contain references to Brannon's acts or accusations. These documents are not subject to the offer in the District's Letter but were part of the relief Robinson sought in his pleadings. This is another reason why Robinson has not received all the relief he requested.

**The District has not taken the action that Robinson asked the trial court to order.**

The majority concludes that there is nothing left for the trial court to order the District to do because the District already has taken the action sought by Robinson. It is on this basis that the majority distinguishes the *Lakey* case. *See ante* at p. 326; *see also Lakey v. Taylor ex rel. Shearer*, 278 S.W.3d 6, 11–12 (Tex.App.-Austin 2008, no pet.). As shown above, Robinson has not received all the relief he requested, and, even under the District's Letter, the District later could decide with seeming impunity to move the documents in question back to Robinson's personnel file. Therefore, *Lakey* is on point. *See*

*Lakey*, 278 S.W.3d at 11–12. Robinson's claims are not moot because the District has not taken the action that Robinson requested the trial court to order. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642–43 (Tex.2005) (holding that issues of whether insurer owed defense and indemnity were not moot, even though insurer could no longer be liable for defense or indemnity, because insured still sought attorney's fees under the Texas Declaratory Judgment Act); *Lakey*, 278 S.W.3d at 11–12 (holding that petitioner's challenge was not mooted by defendant's voluntary policy changes because the previous policy that gave rise to the dispute could be reimplemented at any given time); *Tex. Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 847–848 (Tex.App.-Austin 2002, pet. denied) (concluding that petitioner's challenge to the assessment of a penalty was not mooted by a letter withdrawing that penalty because the letter was non-binding and did not prevent reassessment of the disputed penalty); *Del Valle Indep. Sch. Dist. v. Lopez*, 863 S.W.2d 507, 511 (Tex.App.-Austin 1993, writ denied) (concluding that a declaratory-judgment action regarding the constitutionality of an election system was not rendered moot by the voluntary adoption of a new election system because petitioner's request for the permanent elimination of the prior election system was not satisfied); *Turner v. Chandler*, 304 S.W.2d 687, 688–689 (Tex.Civ.App.-Texarkana 1957, no writ) (asserting that when a party seeks specific relief and that relief has not been granted, then a proceeding is not moot because the question of whether the specific relief sought should be granted remains undecided). Thus, even if the District's offer ripened into a contract, the resulting agreement would not give Robinson all of the relief he requested in his pleadings. As long as some of the relief Robinson requested remains, his claims are not moot.

### Conclusion

The District did not offer to enter into an agreed injunction or to expunge all of the documents Robinson requested, and Robinson did not accept the offer for lesser relief that the District *did* make. The trial court and this court conclude that the making of an offer for less than full relief renders the claims moot. It does not. Even if the majority were correct in its premise, that an unaccepted offer rather than performance is sufficient to moot Robinson's claims, such a determination would moot only part of the requested relief. On its face, the District's Letter does not cover documents withheld from discovery under claim of privilege or documents moved from one file location to another, all of which fell within Robinson's request for relief. For all of these reasons, the trial court erred in ruling that Robinson's request for an injunction regarding expungement is moot. At the very least, fact questions remain that should have precluded the granting of the plea to the jurisdiction. Because this court affirms rather than reverses the trial court's dismissal, I respectfully dissent.