# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00668-CV

**Norris J. DeVoll, Appellant**

**v.**

**Steven DePaz, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-99-003174, HONORABLE GARY HARGER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Norris J. DeVoll has filed a motion to dismiss this appeal. *See* Tex. R. App. P. 42.1(a)(1). Appellee Steven DePaz opposes the motion to dismiss, asserting that DeVoll and his alleged predecessor in interest, Sharon Stedman, seek this dismissal so that they can have "endless bites at the apple and may keep passing the judgment around—presumably by assignment and reassignment—until someone gets it right." Therefore, according to DePaz, "[d]ismissal of this action will deny [him] from seeking the relief to which he is otherwise entitled, to-wit: determination as to correctness of the trial court's ruling, binding either [DeVoll] or Stedman as successor-appellant, or both."

DePaz does not cite to any authority—nor have we found any—which would support the contention that a party who prevailed at trial has a right to have the correctness of that judgment determined by an appellate court. *Cf. Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 325

(Tex. App.—Houston [14th Dist.] 2009, pet. denied) (noting that opinion is advisory if "party seeks judgment upon some matter which cannot have any practical legal effect upon a then existing controversy."). Furthermore, our review of DePaz's brief and his response to the motion to dismiss fails to yield any request for affirmative relief.[1] *See* Tex. R. App. P. 42.1(a)(1) (stating that based on appellant's motion to dismiss, appellate court "may dismiss appeal or affirm the appealed judgment or order unless disposition would prevent a party from seeking relief to which it would otherwise be entitled."); *see also Giffin v. Giffin*, 962 S.W.2d 649, 649–50 (Tex. App.—Corpus Christi 1998, no writ). Therefore, we grant DeVoll's motion and dismiss this appeal.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Dismissed on Appellant's Motion

Filed: June 4, 2013

---

[1] In the alternative, DePaz requests that we impose sanctions against DeVoll for filing a frivolous appeal, but does not provide any explanation or authority to support his claim that this appeal is frivolous. *See* Tex. R. App. P. 45. Upon review of the record and the briefing, we conclude that sanctions are not appropriate. *See Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 391–92 (Tex. App.—Austin 2010, pet. denied) (noting that sanctions unwarranted when party had reasonable expectation of reversal). Therefore, we deny DePaz's motion for sanctions.