

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00205-CV

ARTHUR DELGADO, JR.                                                    APPELLANT

V.

RIVER OAKS POLICE                                                      APPELLEES
DEPARTMENT AND CITY OF
RIVER OAKS

----------

## FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 236-277180-15

----------

## MEMORANDUM OPINION[1]

----------

Appellant Arthur Delgado, Jr., pro se, filed this interlocutory appeal

challenging the trial court's orders sustaining the pleas to the jurisdiction and the

special exceptions filed by Appellees River Oaks Police Department (the Police

Department) and City of River Oaks (the City). *See* Tex. Civ. Prac. & Rem. Code

---

[1]*See* Tex. R. App. P. 47.4.

Ann. § 51.014(a)(8) (West Supp. 2016) (authorizing interlocutory appeal from order granting or denying a plea to the jurisdiction filed by a governmental unit). We affirm.

Delgado sued the City and the Police Department for claims arising from his arrest for driving while intoxicated on April 10, 2013.[2]  Specifically, Delgado alleged that after his arrest, he was subjected to an involuntary blood draw without a warrant in violation of his Constitutional rights.  Delgado alleged only negligence per se claims against the City and the Police Department, claiming that they were negligent in failing to keep abreast of the law and in allowing police officers to violate the law.

The City and the Police Department answered, denied Delgado's allegations, and asserted affirmative defenses.  The City and the Police Department filed pleas to the jurisdiction and special exceptions wherein the City asserted sovereign immunity and the Police Department asserted that it lacked capacity to be sued because it is not a separate jural entity subject to suit.  The trial court sustained the pleas to the jurisdiction and the special exceptions and dismissed Delgado's negligence per se claims with prejudice.  Delgado has appealed.

---

[2]Delgado also sued an unknown arresting officer employed by the Police Department.  The record does not reflect that the unknown arresting officer was served with citation, nor does it reflect that he entered an appearance in this case.  He is not a party to this appeal.

In parts of his first and second issues, Delgado complains that the trial court erred by sustaining the City's and the Police Department's pleas to the jurisdiction and dismissing his negligence claims without affording him the opportunity to amend his pleadings. As pointed out by the City and the Police Department, Delgado does not challenge the trial court's findings that his negligence per se claim against the City was barred by governmental immunity and that his negligence per se claim against the Police Department should be dismissed because the Police Department lacks the capacity to be sued. Nor does he cite to any legal authority for holding that there was error in these findings. He has therefore waived any complaint on appeal regarding these findings by the trial court. *See* Tex. R. App. P. 38.1(f), (i).

Delgado argues that the trial court should have given him the opportunity to amend his pleadings to add additional claims based on violations of federal law and his Constitutional rights before dismissing his negligence per se claims. He does not contend that, nor does he articulate how, any amendment would have cured the jurisdictional defects alleged in the pleas to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004) (explaining that if the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded an opportunity to amend). After the City and the Police Department filed their pleas to the jurisdiction, Delgado did not request an

3

opportunity to amend his pleadings to add federal statutory and Constitutional claims nor did he attempt to amend his pleadings. Accordingly, we conclude Delgado waived his complaint that the trial court should have afforded him the opportunity to amend his pleadings. *See* Tex. R. App. P. 33.1(a); *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 328 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding plaintiff waived right to cure any jurisdictional defects by amendment when he did not respond to plea to the jurisdiction with additional jurisdictional facts reflecting a live controversy, did not request an opportunity to replead, and did not attempt to replead); *Gray v. City of Galveston*, No. 14-03-00298-CV, 2003 WL 22908145, at *2 (Tex. App.—Houston [14th Dist.] Dec. 11, 2003, no pet.) (mem. op.) ("[A]ppellant did not request an opportunity to amend in the trial court, so she has waived any complaint that she has been denied this opportunity."). We therefore overrule Delgado's complaint that the trial court erred by sustaining the City's and the Police Department's pleas to the jurisdiction and dismissing his negligence per se claims without giving him the opportunity to amend his pleadings to add federal statutory and Constitutional claims.

We do not address Delgado's complaints regarding the trial court's orders sustaining the City's and the Police Department's special exceptions in the remaining portions of this two issues because a trial court's rulings on special exceptions are not subject to review by interlocutory appeal. *See Harris Cty. Flood Control Dist. v. Adam*, 56 S.W.3d 665, 670 n.8 (Tex. App.—Houston [14th

4

Dist.] 2001, pet. dism'd w.o.j) (citing *McCamey v. Kinnear*, 484 S.W.2d 150, 153 (Tex. App.—Beaumont 1972, writ ref'd n.r.e.)); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). We therefore overrule Delgado's two issues and affirm the trial court's orders sustaining the City's and the Police Department's pleas to the jurisdiction.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: GARDNER, GABRIEL, and SUDDERTH, JJ.

DELIVERED: November 23, 2016