**Affirmed and Memorandum Opinion filed March 14, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00810-CV

---

### ERIC WADE GARZA, Appellant

### V.

### DENA JEANETTE GARZA, Appellee

---

### On Appeal from the 245th District Court
### Harris County, Texas
### Trial Court Cause No. 2020-72557

---

### MEMORANDUM OPINION

Pro se appellant Eric Wade Garza ("Eric") appeals the trial court's final divorce decree terminating his marital union to appellee Dena Jeanette Garza ("Dena"). In eight issues we have reorganized, Eric argues: the trial court erred (1) in its application of Texas Rule of Civil Procedure 193.6 and Harris County Family Local Rule 4; (2) when it allowed Dena to submit surprise exhibits for trial; (3) in allowing Dena's witness to testify as an expert even though Dena did not designate him as an expert prior to trial; (4) in denying his motion for a continuance; (5) when

it ordered the sale of "jointly owned separate property" without adhering to statutory requirements and applicable law; (6) by failing to make findings as to the total value of the community estate, the percentage of the community estate awarded to each party, and the value of "the assets, debts[,] and offsets which compromise the community estate"; (7) in its orders relating to the "jointly owned separate property"; and (8) that the evidence is legally and factually insufficient to support three of the trial court's findings of fact. We affirm.

## I. BACKGROUND

Eric and Dena married in 2016. In November 2020, Dena filed a petition for divorce against Eric. Eric answered and proceeded pro se at the trial court.

At the pre-trial conference on May 13, 2022, Eric announced he was ready for trial. But three days later, Eric filed an unsworn and unsupported motion for continuance, stating that he needed time to find an attorney. On May 23, the case was called to trial, at which time Eric argued his motion for continuance, which the trial court denied. Trial began on May 23, 2022. The trial court heard testimony from Benjamin Jeffries ("Jeffries"), the owner of National Screening Center and National Assessment Center; Dena; and Eric.

On August 1, 2022, the trial court signed a final judgment, ordering that Dena's sole and separate property included: (1) fifty percent of the net proceeds from the sale of the marital home; all household items, clothing, jewelry, and cash in Dena's possession and subject to her sole control; all 401k and retirement plans from Dena's previous employment; and a 2020 Lexus vehicle. The trial court similarly awarded Eric: (1) fifty percent of the net proceeds from the sale of the marital home; all household items, clothing, jewelry, and cash in Eric 's possession and subject to his sole control; all 401k and retirement plans from Eric's previous employment; and the motor vehicle in Eric's possession.

2

Eric requested findings of fact and conclusions of law, which the trial court issued on September 29, 2022. Eric then filed a request for additional findings of fact and conclusions of law, but the trial court did not issue any additional findings or conclusions. This appeal followed.

## II.   EVIDENTIARY RULINGS

In his first three issues, Eric argues the trial court erred (1) in its application of Texas Rule of Civil Procedure 193.6 and Harris County Family Local Rule 4 because it failed to exclude Dena's evidence; (2) when it allowed Dena to submit surprise exhibits for trial; and (3) in allowing Jefferies to testify as an expert even though Dena did not designate him as an expert prior to trial. In essence, Eric argues that the trial court erred because it admitted the evidence concerning Eric's drug use and recent drug test. Eric challenges the admissibility of the results of his drug test and Jefferies's testimony offered and admitted at trial.

### A.   STANDARD OF REVIEW

We review evidentiary rulings using an abuse of discretion standard. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). A trial court abuses its discretion if it rules without regard to guiding principles or if its decision was arbitrary or unreasonable. *See Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020).

However, there can be no complaint of an abuse of discretion when the trial court is not asked to exercise its discretion. *Gonzalez v. Wasserstein*, No. 01-20-00826-CV, 2022 WL 3268528, at *6 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, no pet.) (mem. op.). In other words, to preserve a complaint for appellate review, the appellant must have raised an objection to the trial court and obtained a ruling. *See* Tex. R. App. P. 33.1(a); *see also In re B.L.D.*, 113 S.W.3d 340, 352 (Tex.

3

2003) ("[W]e have declined to review unpreserved complaints even when a parent's constitutional interests are implicated."). The record must show that: (1) the complaint was presented to the trial court by a timely request, objection, or motion stating the specific grounds for the desired ruling if the specific grounds are not apparent from the context; and (2) the trial court ruled on the request or refused to rule on the request and the party objected to the refusal. *See* Tex. R. App. P. 33.1(a); *Guillory v. Boykins*, 442 S.W.3d 682, 689 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

## B.    ANALYSIS

Here, Eric argues that the arguments advanced under his first three issues were preserved because of the following exchange at the trial court:

| [Trial Court]: | All right. And have you circulated your exhibits already? |
| --- | --- |
| [Dena]: | I have, Judge. |
| . . . | |
| [Trial Court]: | And [Dena's counsel], when did you send the exhibits? |
| [Dena's counsel]: | I think we just sent them to Ramona today. |
| . . . | |
| [Trial Court]: | Correct. And [Eric], you got a copy of those? |
| [Eric]: | Yeah, I got it literally like maybe 30, 45 minutes ago. So I haven't had a chance to even look at them. |
| [Dena's counsel]: | Those are updated to include the drug test results but the other ones were circulated prior to pretrial. |
| [Trial Court]: | Okay. All right. So once you -- somebody emails them, just let me know and I'll verify we received it. |

4

| [Dena's counsel]: | Okay. Yes, I just forwarded the email I sent to Ramona today. |
| [Trial Court]: | And Tish, I forwarded that to you. |
| [Court Reporter]: | Okay. Thank you. |

Contrary to Eric's argument, he did not make a request, objection, or motion at the trial court based on Harris County Local Rule 4 or Texas Rule of Civil Procedure 193.6 or request that any of the complained-of evidence be excluded. *See* Tex. R. App. P. 33.1(a); *see also* Tex. R. Civ. P. 193.6(a) ("A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed . . . ."); Harris Cnty. (Tex.) Fam. Div. Loc. R. 4.4.4 (providing that disclosures required under rule 4 shall be made within thirty days after respondent files respondent's first pleading or makes a general appearance in the case). Furthermore, Eric did not object to the admission of the complained-of drug test results or Jeffries's testimony when it was offered into evidence, nor did he obtain a running objection. *See* Tex. R. App. P. 33.1(a); *Katy Int'l, Inc. v. Jiang*, 451 S.W.3d 74, 94 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("If a party later permits the same or similar evidence to be introduced without objection, the error in the admission of testimony generally is harmless and is waived, unless the party obtains a running objection.").

We reject Eric's argument that he has preserved these issues for our review and overrule his first three issues. *See* Tex. R. App. P. 33.1(a); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) ("We certainly agree that pro se litigants are not exempt from the rules of procedure."); *Wade v. Dominion at Woodlands*, No. 14-17-00777-CV, 2018 WL 3354549, at *2 n.4 (Tex. App.—Houston [14th Dist.] July 10, 2018, no pet.) (mem. op.) ("We construe pro se filings and brief liberally but nonetheless hold pro se litigants to the same standards as

licensed attorneys.").

### III.   MOTION FOR CONTINUANCE

In his fourth issue, Eric argues the trial court erred in denying his motion for continuance in which he requested additional time to hire an attorney.

### A.   STANDARD OF REVIEW & APPLICABLE LAW

We review the trial court's ruling on a motion for continuance for an abuse of discretion. *See Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding). Texas Rule of Civil Procedure 251 provides that a motion for continuance shall not be granted without "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. Thus, when a motion is unsupported by verified facts, appellate courts generally presume the trial court did not abuse its discretion in denying the motion. *See In re S.M.H.*, 523 S.W.3d 783, 797 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *W.W. Webber, L.L.C. v. Harris Cnty. Toll Rd. Auth.*, 324 S.W.3d 877, 880 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Additionally, "neither the Texas nor the United States Constitution guarantees a right to counsel in a civil suit." *Approximately $42,850 v. State*, 44 S.W.3d 700, 702 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Thus, "absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown . . . ." Tex. R. Civ. P. 253.

### B.   ANALYSIS

On May 16, 2022, Eric filed an unsworn written motion for a continuance, seeking a reset of trial scheduled for May 23, 2022. In the motion, Eric stated he sought a continuance because he needed time to hire a lawyer, to get legal advice,

and to prepare to represent himself. Eric elaborated:

> I need additional time to hire an attorney for trial. I was hopeful that we could reach an agreement at mediation but we were unable to. I also need additional time due to the fact that I have personal knowledge that contradicts [Dena's] disclosures and/or trial documents and need the additional time to obtain important evidence and/or subpoena witnesses. Without a true and complete record of the martial [sic] estate, justice cannot properly be served.

Notably, Eric did not argue that he needed a continuance because he was surprised or prejudiced by Dena's exhibits, because the exhibits were provided too close to trial, or because the timing of the tender of the exhibits was in violation of any rule. When denying Eric's motion for a continuance, the trial court commented:

> [I]f this wasn't as old of a case, I would be much more sympathetic to giving you a little extra time, but since you've been a party to this case since December of 2020 and it seems like your -- your motions largely are arguing that you're not ready, there's really -- it's hard to justify additional delay for such an old case when you've -- you've had the time to hire an attorney. And it looks like this was even set for trial back in March on the 7th and you would of [sic] had notice back then of when the trial setting was and the opportunity to be able to try to line somebody up even if not to help at mediation but to -- to be ready to -- to jump in on final trial. So I just don't think the motion is timely and it's denied, and we'll proceed to trial today.

We conclude Eric's fourth issue is unmeritorious for several reasons. First, Eric's sole argument on appeal is that the trial court erred in overruling his motion for continuance because he was not prepared for trial because Dena did not provide her "disclosures" in accordance with the deadlines found in Harris County District Courts Local Rule 4.4.4. However, Eric did not make any specific request, objection, or motion for a continuance based on local Rule 4.4.4 at the trial court, and thus, has not preserved this argument. *See* Tex. R. App. P. 33.1(a).

Furthermore, the court noted that Eric had ample opportunity to retain an

attorney, that nine days before trial at the pretrial conference he announced that he was ready for trial, and he raised his motion for continuance alleging that he was not ready for trial seven days before trial. Based on this record, Eric did not demonstrate that his need to hire an attorney was not based on his own negligence or fault. *See In re Marriage of Harrison*, 557 S.W.3d 99, 117 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Finally, Eric's motion was unsworn and unsupported by affidavit. *See* Tex. R. Civ. P. 251. Accordingly, we cannot conclude that the trial court's denial of Eric's motion was unreasonable or arbitrary. *See, e.g.*, *Hamm v. Millenium Income Fund*, 178 S.W.3d 256, 270 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding that lack of verification or affidavit with continuance motion was sufficient basis alone for the trial court to deny the motion); *see also, e.g.*, *In re S.L.L.*, No. 09-09-00429-CV, 2011 WL 1224983, at *1 (Tex. App.—Beaumont Mar. 31, 2011, pet. denied) (mem. op.) (concluding that trial court did not abuse discretion in denying pro-se motion for continuance to obtain attorney that was not supported by affidavit, filed two days before hearing, and noting that there was no statement of efforts made to obtain counsel and that trial court "could reasonably conclude that [party] did not carry her burden of showing that the delay in obtaining counsel was not her fault").

We overrule Eric's fourth issue.

## IV.    SALE OF MARITAL HOME

In his fifth issue, Eric argues the trial court erred when it ordered the sale of the marital home without adhering to statutory requirements and applicable law. In his sixth issue, Eric argues that the trial court erred in the ordering the sale of the property because it was Eric and Dena's jointly-owned separate property, and the trial court may only divide the marital estate in a divorce proceeding. We will address these two issues together.

8

Generally, mootness defeats a court's subject-matter jurisdiction over a particular controversy. *See Messier v. Messier*, 458 S.W.3d 155, 161 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 324 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("The mootness doctrine precludes a court from rendering an advisory opinion in a case where there is no live controversy."); *Thompson v. Ricardo*, 269 S.W.3d 100, 103 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("[I]f a judgment cannot have a practical effect on an existing controversy, the case is moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion."). A case becomes moot when the issues presented are no longer "live"—that is, a justiciable controversy no longer exists between the parties or the parties no longer have a legally cognizable interest in the case's outcome. *Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 527 (Tex. 2019); *see In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). But a case is not made moot merely because some issues became moot during the appeal; that is, if only some claims or issues become moot, the case remains live for the claims or issues that are not moot. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018).

Here, the subject property has been sold,[1] and thus the Eric and Dena have no justiciable interest in the outcome of these two issues. We therefore conclude that

---

[1] While there is no evidence in the record of a sale taking place, Dena contends in her brief that the home was sold, and this is undisputed by Eric. The Harris County Appraisal District's records confirm that Eric and Dena are no longer the owners of the subject property, and we take judicial notice of this fact. *See, e.g.*, *Alsobrook v. MTGLQ Inv'rs, LP*, 657 S.W.3d 327, 329–30 (Tex. App.—Dallas 2021), *aff'd as modified*, 656 S.W.3d 394 (Tex. 2022) (taking judicial notice of appraisal district's online records because they "are publicly available and are not subject to reasonable dispute because the information can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also, e.g.*, *Kew v. Bank of Am., N.A.*, No. A. H-11-2824, 2012 WL 1414978, at *3 (S.D. Tex. Apr. 23, 2012) (mem. op & order) (taking judicial notice of the appraised fair-market value of certain real property published on the Harris County Appraisal District's website).

these two issues are moot. *See, e.g.*, *Estate Land Co. v. Wiese*, 546 S.W.3d 322, 326–27 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("Because appellants did not seek an emergency stay, supersedeas bond, or otherwise suspend the enforcement of the trial court's post-judgment orders, the sale of the property at issue was completed and, as such, the issues in this case must be dismissed as moot."); *Aaron v. Aaron*, No. 14-10-00765-CV, 2012 WL 273766, at *5 (Tex. App.—Houston [14th Dist.] Jan. 31, 2012, no pet.) (mem. op.) ("Because the parties sold the property during the pendency of this appeal, this issue is moot because there are no further issues regarding the potential sale or partition of the property or any issue regarding payment of the mortgage and maintenance expenses associated with the ownership of the property.").

We overrule Eric's fifth and sixth issues.

## V.    DIVISION OF MARITAL PROPERTY

In his seventh issue, Eric argues the trial court erred by failing to make findings about the total value of the community estate, the percentage of the community estate awarded to each party, and the value of "the assets, debts[,] and offsets which compromise the community estate."

The division of a community estate in divorce must be "just and right, having due regard for the rights of each party and any children of the marriage." *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018).

> In a suit for dissolution of a marriage in which the court has rendered a judgment dividing the estate of the parties, on request by a party, the court shall state in writing its findings of fact and conclusions of law, including the characterization and value of all assets, liabilities, claims, and offsets *on which disputed evidence has been presented.*

Tex. Fam. Code Ann. § 6.711 (emphasis added); *see also Reisler v. Reisler*, 439 S.W.3d 615, 620 (Tex. App.—Dallas 2014, no pet.) ("The obligation of the trial

10

court is to make findings of fact and conclusions of law on the ultimate or controlling issues, but not on evidentiary issues. The trial court is not obligated to detail the facts that establish . . . one party's separate estate that forms the basis for the disproportionate division of property."); *Panchal v. Panchal*, 132 S.W.3d 465, 466–67 (Tex. App.—Eastland 2007, no pet.) ("The failure of the trial court to file sufficient findings of fact and conclusions of law when properly requested is presumed to be harmful unless the contrary appears on the face of the record.").

Here, Eric does not identify assets, debts, or offsets of which disputed evidence was presented and for which the trial court failed to make findings. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Additionally, our review of the record does not reveal any property on which disputed evidence was presented apart from the marital home, which has been sold.

We overrule Eric's seventh issue.

## VI. SUFFICIENCY OF THE EVIDENCE

In his eighth issue, Eric argues the evidence is legally and factually insufficient to support the trial court's findings that: he "shaved his legs and the hair on his head"; a "sufficient hair sample was taken and yielded positive results for amphetamine/methamphetamine, benzoylecgonine, cocaine, [and] norcocaine"; and "credible testimony elicited established that [he] consumes methamphetamine and cocaine."

### A. STANDARD OF REVIEW

Evidence is legally sufficient if, viewing all the evidence in the light most favorable to the fact-finding and considering undisputed contrary evidence, a reasonable factfinder could form a firm belief or conviction that the finding was true.

11

*In re A.C.*, 560 S.W.3d 624, 631 (Tex. 2018). In conducting a legal-sufficiency review, the reviewing court cannot ignore undisputed evidence contrary to the finding, but it must otherwise assume the factfinder resolved disputed facts in favor of the finding. *Id.* at 630–31.

In a factual sufficiency review, we examine the entire record and consider and weigh all the evidence, both in support of, and contrary to, the challenged finding. *See id.* Having considered and weighed all the evidence, we should set aside the judgment only if the evidence is so weak, or the finding so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Boyd v. Palmore*, 425 S.W.3d 425, 429 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)); *see In re A.C.*, 560 S.W.3d at 631.

## B.    ANALYSIS

Eric argues that "[t]he only evidence to support these [findings] is derived purely from the testimony of Bruce Jefferies." As previously noted, Eric waived any complaint as to the admission of Jefferies's testimony or the results of the drug test from May 13, 2022, which show that Eric's hair sample was positive for amphetamine, methamphetamine, benzoylecgonine, cocaine, and norcocaine. Jefferies testified that the quantities for which Eric tested positive indicated a regular and daily user of those drugs. Jefferies further testified:

> I haven't seen these -- this combination of meth and cocaine positives
> in a very long time. The combination and with the quantitative results,
> it would probably be in the top two of my professional career of reading
> quantitative results. These are  extremely high numbers.

Finally, Jefferies testified that Eric's leg hair was shaved for testing because Eric's hair on his head was too short.

Viewing this evidence in the light most favorable to the trial court's ruling,

12

we conclude that the evidence is legally sufficient to support the three challenged findings. *See In re A.C.*, 560 S.W.3d at 631. Likewise, balancing all of the disputed evidence in the record, we conclude that the evidence is factually sufficient to support these three challenged findings. *See id.*

We overrule Eric's eighth issue.

## VII.    CONCLUSION

Having overruled all of Eric's issues on appeal, we affirm the trial court's order.


/s/ Margaret "Meg" Poissant
Justice


Panel consists of Justices Wise, Zimmerer, and Poissant.